Gulick *v.* Loder.

---

° CATHARINE GULICK, executrix, and MERARI GULICK, executor, of Samuel GULICK, deceased *v.* JOHN LODER.

Remedies are to be regulated and pursued according to the *lex fori*, the law of the place where the action is instituted. and not by the *lex loci contractus*, or the law of the place where the contract was made.

A judgment of a court of record in another state of the Union, is not to be regarded here, as what is technically called in common law language, a foreign judgment, the mere *prima facie* evidence of a debt. It has such " faith and credit " here, as in the state, where it may have been rendered, and is here, as there, deemed conclusive evidence of debt.

There is no statute in this state which in express terms, prescribes a period within which, actions upon the judgments of other states, must be commenced. Our statute comprehending judgments, is confined in terms to judgments of this state. Although we have no statute of limitation on this head, *or no period of time* prescribed by written laws, within which an action on a judgment of another state, must be brought, yet it is a general rule, that forbearance for twenty years, unexplained, unaccounted for, and unrebutted, will extinguish a judgment as well as all other pecuniary demands.

Lapse of time is but a presumptive bar to an action, and hence the fact which the lapse of time conduces to prove, must be pleaded, and not the mere lapse of time itself. The lapse of time is not in itself, the bar, and cannot be pleaded as such, but the matter, which is presumed from, or in other words, proved by the lapse of time, and which matter is the bar, must be set up by the plea.

Presumptions are of two classes, natural and legal or artificial.

Gulick *v.* Loder.

Payment may be pleaded in bar of a judgment, according to our statute. *Rev. Laws,* 306, *sec.* 8.

---

This was an action of debt brought by the plaintiffs in this court; and the declaration filed, sets forth a judgment obtained by Samuel Gulick in his life time, on the seventeenth day of August, seventeen hundred and ninety-nine, in the Court of Common Pleas of the county of Northampton, in the Commonwealth of Pennsylvania. The declaration contained also, the usual money counts. The defendant pleaded, first, *nul tiel* record. Second, " That the said plaintiffs ought not further to have or maintain their aforesaid action thereof, against him the said John, because he says, that the said supposed recovery in the said declaration mentioned, was not had by the said Samuel Gulick, deceased, against him the said John Loder, within twenty years next before the commencement of this suit against him the said John Loder, in this behalf, in manner and form as the said plaintiffs have above thereof complained against him the said John Loder, and this he is ready to verify, &c. Third, The defendant further pleaded payment of the judgment.

The plaintiffs joined issue on all the pleas except the second, and to this there was a general demurrer and rejoinder.

The case was argued in November term, by *J. S. Green,* in support of the demurrer, and by *Frelinghuysen,* contra. And now at this term, the opinion of the court was delivered by the Chief Justice.

EWING, C. J. The declaration in this action, which was instituted in the year 1826, is founded upon a judgment obtained against the defendant by the testator of the plaintiffs, in the Court of Common Pleas of the county of Northampton in the state of Pennsylvania, in the year 1799.

There are several pleas, upon all of which, except the second, issues of fact have been taken. One of them is payment. The second plea is, that the judgment was not had within twenty years next before the commencement of this suit. Hereto, there is a demurrer and rejoinder, and thereupon the questions now before us are presented.

We need make no inquiry into the rules for the limitation of

Gulick *v.* Loder.

actions in the state of Pennsylvania, where this judgment was obtained; since remedies are to be regulated and pursued according to the *lex fori*, the law of the place where the action is instituted, and not by the *lex loci contractus*, or the law of the place where the contract was made or the judgment rendered. *Duplein* v. *De Roven*, 2 *Vern.* 540; *Williams* v. *East*, 13 *East*, 439; *Pearsall* v. *Dwight*, 2 *Mass. Rep.* 84; *Byrne* v. *Crowninshield*, 17 *Mass.* 55; *Ruggles* v. *Keeler*, 3 *John.* 263; *Decouche* v. *Savetier*, 3 *John. C. R.* 190; *Medbury* v. *Hopkins*, 3 *Conn. Rep.* 472; *Leroy* v. *Crowninshield*, 2 *Mason* 151; *Wood* v. *Malin*, 5 *Halst.* 208.

A judgment of a court of record in another state of our Federal Union, is not to be regarded here, as what is technically called, in common law language, a foreign judgment, the mere prima facie evidence of a debt. It has such "faith and credit" here, as in the state where it may have been rendered, and is here, as there, deemed conclusive evidence of debt. This doctrine has, so far as my research and information have gone, been uniformly held in our courts, although elsewhere, there were some vacillation and diversity of opinion antecedent to the cases of *Mills* v. *Duryea*, and *Sturges* v. *Crowninshield*, which have quieted all controversy on the subject. Thus in *Hubbel* v. *Cowdry*, 6 *John.* 132, one of the cases cited on the present argument by the plaintiff's counsel, it was held that a judgment in Connecticut, was to be regarded as a foreign judgment, and the statute for the limitation of actions upon simple contracts, was applied to it. This case has been overruled and the opposite doctrine settled in *Andrews* v. *Montgomery*, 19 *John.* 162. It follows then, that our statute for the limitation of actions upon contracts, cannot be brought to bear upon the present demand. Nor have we any statute which, in express terms, prescribes a period within which actions upon the judgments of other states, must be commenced. We have a statute comprehending judgments; but it is confined in terms to judgments of this state. The language is, "Judgments in any court of record in this state, may be revived by scire facias or an action of debt may be brought thereon, within twenty years next after the date of such judgment and not after," with an exception in favor of infancy, coverture and insanity. And

statutes of limitation, because they take away remedies, are held to a strict construction.

But although we have no statute of limitations on this head, or no period of time prescribed by written law, within which an action on a judgment of another state, must be brought, it does by no means follow, that such a judgment never becomes obsolete or that it may be enforced here after an indefinite lapse of time

Independent of written law, there is a period after which, upon common law principles, borrowing indeed an analogy as to the length of time from the statute of limitations, a demand founded on a judgment, becomes irrecoverable. It is a general rule, that forbearance for twenty years unexplained, unaccounted for and unrebutted, will extinguish a judgment as well as all other pecuniary demands. I consider this doctrine so firmly settled, that I shall not review the cases at large, but simply refer to some of them. *Flower* v. *Bolingbroke*, 1 *Str.* 639; *Willaume* v. *Gorges*, 1 *Campb.* 217; *Ross* v. *Darby*, 4 *Munf.* 428; *Willer* v. *Washington*, 6 *Munf.* 532; *Cohen* v. *Thompson*, 2 *S. C. Const. Rep.* 146; *Boardman* v. *De Forrest*, 5 *Conn. Rep.* 1; *Buchannan* v. *Rowland*, 2 *South.* 721.

It is thus seen, that if we had no express statute, a judgment of a court of our own state, could not be enforced after a lapse of twenty years, unexplained. A judgment of another state, cannot have higher or greater force or effect than a domestic judgment; and the period fixed as to the latter, by our statute, furnishes a strong analogical argument that the remedy on the former, cannot be extended to a longer period.

But the question yet remains to be solved, in what manner may a party avail himself of the lapse of time? Is it by pleading its efflux, as is done here and in all pleas of the statute of limitations? Or is it by plea of some other matter, as payment or release, whereof the lapse of time is evidence to a jury? The solution of this question depends on the answer to another. Is, in such cases, the lapse of time, a positive or legal bar? Or is it a presumptive bar? If the former, it should be pleaded. If the latter, the matter of fact which the evidence conduces to prove, must be pleaded, and the lapse of time must be used as evidence in support of it. In cases where a period of

time is limited by express statute, the time operates as a legal, positive or absolute bar. In other cases, the efflux of time raises a presumption merely. Presumptions are of two classes, natural and legal or artificial. The natural presumption is, when a fact is proved, wherefrom by reason of the connection founded on experience, the existence of another fact is directly inferred. The legal or artificial presumption is, where the existence of the one fact is not direct evidence of the existence of the other, but the one fact existing and being proved, the law raises an artificial presumption of the existence of the other, The subject before us affords an apt illustration. Forbearance to enforce a pecuniary demand for twenty years, is not direct evidence that the money has been paid, but on the fact of forbearance, the law builds a presumption that the demand has been satisfied, since it wisely supposes a man will sooner recover and enjoy what belongs, or is due to him, unless prevented by some impediment. The law gives to the evidence a technical efficacy beyond its simple and natural force and operation. Inasmuch then as this is but a presumptive bar, the fact which the lapse of time conduces to prove, must be pleaded, and not the mere lapse itself. The lapse of time is not in itself, the bar, and cannot be pleaded as such, but the matter which is presumed from, or, in other words, proved by, the lapse of time, and which matter is the bar, must be set up by the plea.

This distinction is recognized and supported by the books, In *The Mayor of Hull* v. *Hornor, Cowp.* 108, Lord Mansfield says, "There is a great difference between length of time which operates as a bar to a claim and that which is only used by way of evidence." He gives the statute of limitations as an instance of the former, and of the latter, the presumption of the discharge of a debt, founded upon time. In *Darwin* v. *Upton.* 2 *Saund.* 175, *b. note*, Lord Mansfield adverts to the same distinction between length of time under a statute of limitations, when it is an absolute bar, and length of time, as in case of a bond or enjoyment of lights, when it is a presumptive bar which ought to go to a jury and they may presume that the debt is discharged or the right has been obtained by grant or otherwise. In *Jackson* v. *Pierce*, 10 *John.* 417, the court said, "The twenty years is only a circumstance on

which to found the presumption, and is not in itself, a legal bar." *Bailey* v. *Jackson*, 16 *John.* 214, is to the same effect. In *Penrose* v. *King*, 1 *Yeates*, 544, the court said, the length of time, of itself, is no positive bar, but proper evidence to be left to the jury to decide on the presumption. *Miller* v. *Beates*, 3 *Serg. & Rawle*, 493 ; *Lesley* v. *Nones*, 7 *Serg. & Rawle*, 410 ; *Strickler* v. *Todd*, 10 *Serg. & Rawle*, 63 ; *Kingston* v. *Lesley*, 10 *Serg. & Rawle*, 383 ; *Dunlap* v. *Ball*, 2 *Cranch*, 180 ; *Higginson* v. *Mein*, 4 *Cranch* 415 ; *Boardman* v. *De Forest*, 5 *Conn. Rep.* 1 ; *Pickering* v. *Stamford*, 2 *Vezey, jun.* 583.

The conclusion to be drawn from these cases and this doctrine, that the plea should set forth not the mere lapse of time, but the allegation of payment, of which the time is to afford presumptive evidence, is not in the slightest degree, impugned, but rather supported by *Buchanan* v. *Rowland*, and by what was there said by the court. The case arose on a special scire facias under our statute, calling on the defendants named therein, to shew cause why certain lands levied on under a fieri facias by a sheriff who died without having completed the execution of the writ, should not be sold to satisfy the plaintiff's demand. Among the pleas, the sixth was, that the defendants paid the judgment, and it was received by the plaintiffs in full satisfaction ; and the seventh was, that the defendants paid the money to the plaintiffs. The plaintiffs had replied and joined issue. Upon the trial, the defendant's relied on the lapse of time. The plaintiffs proved and relied on circumstances to explain and overcome it. The jury found for the plaintiffs, and on a motion for new trial, the Chief Justice said, the cause was put to the jury on too broad ground ; that in looking for positive proof of direct payment, they had overlooked that which the law considers as equivalent ; and that therefore they had found a verdict for the plaintiff, when by law, it should have been for the defendant. Justice Rossel, the only other member of the court who spoke at length, said, the court, under such circumstances, ought to have instructed the jury that they had the power to presume a satisfaction of the original judgment ; and for want of this, they might reasonably suppose that without absolute proof of payment to the plaintiff or his representatives, they were bound to find for him. In recurring to the remarks of the

court, we are to bear in mind, that the pleas with reference to which they spoke, were pleas of payment.. The Chief Justice, in delivering his opinion, first seeks for the ground of the presumption of payment from length of time, and says it is built upon an analogy to the statute of limitations, then shews the cases to which the presumption may be applied, and afterwards points out the force and influence of the presumption. He says, " This presumption may be either strengthened or invalidated, nay indeed, it may be wholly overcome by circumstances ; and when such circumstances are mere matters in *pais*, to be proved by witnesses, the jury must judge both of the truth of their existence and of their operation and effect upon the presumption. But still, when the length of time is wholly unaccounted for, and the presumption therefore stands in its full force, it is conclusive ; and the conclusion to be drawn from it is a conclusion of law to be declared by the court, always and universally the same ; and though the jury must pass upon the issue of *solvit vel non*, yet the law thus declared to them, is the evidence by which they are to be governed." Justice Rossell says, " In cases not embraced by the statute, courts, reasoning from analogy, to quiet law suits and to secure possessions long acquiesced in, have directed juries that they may presume payment in cases of bonds, &c. or the right of defendants to real estate, after the lapse of twenty years, during which, the plaintiff has slept over his rights." Thus it is seen that the court considered lapse of time as a matter of evidence, as presumptive proof of the satisfaction of the demand, to be always submitted to the jury, but when wholly unaccounted for, a presumption conclusive in its nature, and which the jury therefore are bound to regard as plenary evidence in support of the plea, and wherefrom they ought to find the plea to be true. But it is no where intimated by either of the judges that the lapse of time is in itself a bar, or pleadable as such. Of whatever value therefore, this case may be to the defendant when the plea of payment comes to be examined, it certainly furnishes no support to the proposition for which it was cited by his counsel, that the mere length of time may, as if prescribed by the statute of limitations, be pleaded in bar of this action.

It may not be superfluous here to observe, that according to

our statute, payment may be pleaded in bar of a judgment. *Rev. Laws,* 306, *sec.* 8.

The demurrer to the second plea is therefore, in my opinion, well taken, and judgment should be rendered for the plaintiffs. FORD, J. and DRAKE, J. concurred.

Judgment for plaintiffs.

Same case tried at the bar of the court on plea of *nul tiel record*, 2 *Gr.* 572.
CITED in 2 *Gr.* 574; *Moulin* v. *Insurance Co.*, 4 *Zab.* 239–248; *Bird's Admr.* v. *Trustees Exrs.*, 8 *C. E. G.* 364; *Barns & Drake* v. *Gibbs*, 2 *Vroom*, 319.