**John Thomas STANFORD, Appellant,**

v.

**Everett UTLEY, d/b/a Utley Trucking Company and E. C. Hood, Appellees.**

**No. 17520.**

United States Court of Appeals
Eighth Circuit.

Feb. 15, 1965.

George T. McClintock of Barnett, Montgomery, McClintock & Cunningham, Jackson, Miss., Jack L. Oliver and Allen

L. Oliver of Oliver & Oliver, Cape Girardeau, Mo., and Henley & Fowlkes, Caruthersville, Mo., filed brief for appellant.

Ward & Reeves, Caruthersville, Mo., filed brief for appellee.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

BLACKMUN, Circuit Judge.

In November 1952 plaintiff Stanford instituted a diversity suit against defendants Utley and Hood in the United States District Court for the Southern District of Mississippi. He sought damages for personal injuries to himself and for the wrongful deaths of his wife and minor son in a Mississippi motor vehicle accident. The defendants interposed an answer. Thereafter, upon advice from the defendants' attorneys to plaintiff's counsel that the defendants had no objection, the case was proved as a default pursuant to Rule 55(b) (2), F.R.Civ.P. On April 25, 1956, judgment was entered in the Mississippi federal court in Stanford's favor and against the defendants for $100,000; this consisted of $45,000 for the plaintiff's injuries, $50,000 due to the death of Mrs. Stanford, and $5,000 due to the death of the son. No appeal was taken by either defendant and no payment has ever been made on the judgment.

On April 26, 1956, the day following its entry in the Mississippi court, the judgment was registered in the United States District Court for the Eastern District of Missouri, Southeastern Division, as the parties stipulate, "as provided by" 28 U.S.C. § 1963.

Nothing further happened until August 6, 1963. On that day the plaintiff, pursuant to Rules 69(a), 26 and 30, F.R. Civ.P., filed notice to take the deposition of defendant Utley in Caruthersville,

Missouri, for the purpose of discovering assets. Utley moved to quash the notice on the ground that the "judgment is barred under the laws of Mississippi after the expiration of seven years, or April 25, 1963". This motion was sustained by the district court. Stanford appeals.

The issue is whether a federal judgment creditor is entitled to enforcement in a sister state when his judgment is registered in the sister state within the judgment state's limitation period but enforcement is sought later at a time within the registration state's own limitation period but after the expiration of the period of limitations of the judgment state. The point, with its interesting interplay of federal and state statutes, may be one of first impression.

The federal statute, 28 U.S.C. § 1963, first enacted in 1948, reads:

"A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." [1]

Mississippi has a statute, Miss.Code § 733,[2] providing that an action on a judgment of a Mississippi court shall be brought within seven years after its rendition and that no execution on it shall issue after that period. The parties have stipulated that "The judgment in question in this suit was not revived in the State of Mississippi".

---

[1] 28 U.S.C. § 2508 is a comparable, but not identical, statute relative to a judgment in favor of the United States in the Court of Claims.

[2] Section 733. "All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after; and an execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree."

Missouri has five statutes which may be pertinent. V.A.M.S. § 511.760[3] is the Uniform Enforcement of Foreign Judgments Act, adopted in Missouri in 1951. It provides in some detail, and in contrast with the shorter and more peremptory language of § 1963, for the registration of a foreign judgment, the assertion of defenses, and the preservation of the judgment creditor's right to bring an action on his judgment. Section 516.350[4] presumes payment of a judgment after ten years have expired from its rendition or revival. This is a conclusive presumption and the statute cancels the judgment debt and extinguishes the right of action. Wormington v. City of Monett, 358 Mo. 1044, 218 S.W. 2d 586, 588 (1949). Section 513.015 grants the right of execution. Section 513.020 authorizes execution within ten years after the rendition of the judgment. Section 516.190[5] is the frequently-encountered comity statute affording a complete defense to a suit in Missouri upon a cause of action barred by the laws of the state where the cause of action originated.

We thus have the interesting situation where there are (a) a 1956 Mississippi federal judgment registered in that year in a Missouri federal court; (b) a seven year Mississippi period of limitations; (c) a ten year Missouri period of limitations; (d) a federal statute providing that a registered judgment "shall have the same effect as a judgment of the district court of the district where registered"; and (e) an effort by the judgment creditor to discover Missouri assets more than seven but less than ten years after the registration of the judgment in Missouri. In these circumstances what is the effect of the registration?

The district court, in its memorandum sustaining the motion to quash, reasoned that, under Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), the conflict of laws rules to be applied by a federal court sitting in Missouri are those prevailing in the Missouri state courts; that Missouri would not permit a suit to be brought in August 1963 on this April 1956 Missis-

3. Section 511.760.
"1. The following terms as used in this section shall mean:
"(1) 'Foreign judgment,' any judgment, decree or order of a court of the United States or of any state or territory which is entitled to full faith and credit in this state; * * *.
"2. On application made within the time allowed for bringing an action on a foreign judgment in this state, any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction in such action. * * *
"7. If the judgment debtor fails to plead within thirty days after jurisdiction over his person has been obtained, or if the court after hearing has refused to set the registration aside, the registered judgment shall become a final personal judgment of the court in which it is registered.
"8. Any defense, set-off or counter-claim which under the law of this state may be asserted by the defendant in an action on the foreign judgment, may be presented by appropriate pleadings and the issues raised thereby shall be tried and determined as in other civil actions. * * *

"16. The right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under this section remains unimpaired. * * *"

4. Section 516.350. "Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, * * * and after the expiration of ten years from the date of the original rendition or revival * * * such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever."

5. Section 516.190. "Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state."

sippi judgment because it was then dead under Mississippi law; that registration of the judgment in Missouri in 1956 and prior to its death in Mississippi does not alter the situation; that principles applicable to an action on a foreign judgment are generally applicable to registration; that § 1963 does not require Missouri to apply its own limitation statute when Missouri normally applies the law of the place where the cause of action originated; and that § 1963 does not give the judgment creditor a new judgment but "merely confers ministerial powers on the court in the district in which a judgment is registered".

We, of course, do and must accept the holding of Klaxon, and we recognize that, as the district court observed, a Missouri court would apply the bar of V.A.M.S. § 516.190 to a Missouri suit upon the Mississippi judgment when the action is begun more than seven years after the entry of that judgment. But we are not convinced that these principles, alone and in themselves, provide the answer here. We feel that this case necessarily pivots on the meaning and proper application of § 1963.

The legislative history affords little help. Section 1963 appears to have been the product of a recommendation in 1937 of the Supreme Court's Advisory Committee on Federal Rules of Civil Procedure. See Revisor's Note to 28 U.S.C.A. § 1963. The Committee had proposed Rule 77 with language similar to that of the present statute.[6] The rule, however, was never adopted. The Supreme Court has not disclosed why it was not adopted, but a possible reason is apprehension that the rule might have affected substantive rights. See 2 Moore's Federal Practice, par. 1.04 [2], 1 Barron & Holtzoff, Federal Practice and Procedure (Wright Revision), § 5, pp. 20–21. In any event, the statute was enacted a decade later as a part of the Judicial Code of 1948.[7]

We have concluded that § 1963 is more than "ministerial" and is more than a mere procedural device for the collection of the foreign judgment. We feel that registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court. In other words, for the present fact situation and for enforcement purposes, the Missouri federal registration equated with a new Missouri federal judgment on the original Mississippi federal judgment, that is, it is no different than a judgment timely obtained by action in Missouri federal court on that Mississippi judgment. It follows from this that the Missouri ten year period of limitations, provided by V.A.M.S. § 516.350, and not the Mississippi seven year period, applies so far as enforcement is concerned, and that execution proceedings by the plaintiff within the Missouri period, and otherwise proper, are not subject to dismissal.

Two cases which are close to the present one are Juneau Spruce Corp. v. International Longshoremen's & Warehousemen's Union, 128 F.Supp. 715 (N.D. Cal., February 1, 1955), and Juneau Spruce Corp. v. International Longshoremen's & Warehousemen's Union, 128 F.

---

6. Rule 77. "A judgment entered in any district court and which has become final through expiration of the time for appeal or by mandate on appeal may be registered in any other district court by filing therein an authenticated copy of the judgment. When so registered the judgment shall have the same effect and like proceedings for its enforcement may be taken thereon in the court in which it is registered as if the judgment had been originally entered by that court. * * * "

7. This type of statute, incidentally, is not novel. See the Australian Service and Execution of Process Act, 1901–1934 (2 Commonwealth Acts 1415 [1901–1934]; the Canadian Reciprocal Enforcement of Judgments Act of 1958; the English Judgments Extension Act, 1868, 31 and 32 Vict. c. 20; the English Administration of Justice Act, 1920, 10 and 11 Geo. 5, c. 81; the English Foreign Judgments (Reciprocal Enforcement) Act, 1933, 23 Geo. 5, c. 13. Compare the Uniform Enforcement of Foreign Judgments Act which now has been adopted in Arkansas, Illinois, Missouri, Nebraska, Oregon, Washington, Wisconsin, and Wyoming.

Supp. 697 (D.Hawaii, March 1, 1955). Both concerned the same original 1949 judgment of the United States District Court for the District of Alaska, the finality of that judgment by appeal in 1952, and registration (in the Northern District of California and in the District of Hawaii) in December 1954. Alaska statutes provided that the lien of a judgment there lasted for ten years but that execution on a judgment more than five years old should not issue except upon motion, notice, and hearing. The basic issue was whether, because more than five years had elapsed, the Alaska judgment could be registered in California and Hawaii. Each court held that it could and denied a motion to dismiss or quash the execution procedure in the registration state. The courts, however, in their respective opinions used language which, superficially at least, seems not to be in complete agreement. Thus, Judge Goodman, in the California opinion, stated, p. 717 of 128 F.Supp.:

"No matter what the statutes of Alaska may provide as to the issuance of execution there [footnote omitted], this is now in effect a judgment of our Court. It may, as provided in § 1963, be here enforced accordingly.

"No limitation provision of California or Federal law stands in the way of enforcing the judgment as registered here."

On the other hand Judge McLaughlin in the Hawaii opinion said, pp. 699, 700 and 705 of 128 F.Supp.:

"28 U.S.C. § 1963 does not give a new judgment to the judgment

creditor. Registration is purely a ministerial act in the enforcement of a foreign judgment. It confers upon this court no power to alter the judgment itself. * * * Registration is different from a suit upon a judgment which is a new and independent action, not ancillary to the original action. * * * As revealed in the legislative history * * * the plain and simple purpose of the statute is enforcement of the original judgment. * * *

"Once the Alaskan judgment is registered in this court the judgment creditor may pursue all remedies available in this district to secure satisfaction for the debt."

Thus, Judge Goodman describes the registration as "in effect a judgment of our Court", whereas Judge McLaughlin says that § 1963 "does not give a new judgment to the judgment creditor".[8] Whether or not these statements are consistent and whether or not one is more precisely accurate than the other, the holding in each case is that timely registration opens the way to enforcement procedure in the registration court. Both cases, therefore, are consistent with our holding here.

Our conclusion is buttressed, we feel, by the following considerations:

1. Section 1963 states simply, "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner". This is a different kind of statute, and more comprehensive, than the limited execution type of which 28 U.S.C. § 2413 is an example.[9] The language we have

8. In this connection it is interesting to note that the Fifth Circuit, in Hanes Supply Co. v. Valley Evaporating Co., 261 F.2d 29, 30 (5 Cir. 1958), said, "Since the enactment of the registration statute it is not at all clear that a judgment creditor who has obtained a judgment in one district can make this judgment the basis of a plenary suit in another district" [footnote omitted]. This statement certainly carries an implication that the Fifth Circuit entertains a question as to whether § 1963 does not

provide the exclusive means of enforcing a judgment in other districts and thus perempts the possibility of a suit upon the judgment.

9. Section 2413. "A writ of execution on a judgment obtained for the use of the United States in any court thereof shall be issued from and made returnable to the court which rendered the judgment, but may be executed in any other State, in any Territory, or in the District of Columbia."

quoted is clear, unambiguous and seemingly purposeful. If registration is to "have the same effect as a judgment", it must, for our present enforcement purposes, mean just that and not something else. To restrict registration to a procedural and collection device for the foreign judgment itself, and to have it expire with the foreign judgment, would give the words of the statute a lesser status than their plain meaning and to make registration something far inferior to a judgment on a judgment. As Judge Goodman, in his Juneau opinion, supra, p. 717 of 128 F.Supp., said "These are plain words and mean what they say. Congress did not intend any different meaning" [footnote omitted]. In Ezell v. Equity Gen. Ins. Co., 219 F.Supp. 51, 52 (D.Ore.1962), Judge East observed, "The plaintiff here holds a judgment in the District Court of Oregon by transfer" and "she is not attempting to here enforce a judgment of the District Court of Arkansas." See Hanes Supply Co. v. Valley Evaporating Co., 261 F.2d 29, 30 (5 Cir. 1958). See also, Mangold v. Mangold, 294 S.W.2d 368, 369 (Mo.App. 1956); Sullivan v. Sullivan, 168 Neb. 850, 97 N.W.2d 348, 352, 72 A.L.R.2d 1251 (1959); Light v. Light, 12 Ill.2d 502, 147 N.E.2d 34, 38 (1958).

2. It seems to be conceded that the purposes of § 1963 were to simplify and facilitate the enforcement of federal judgments, at least those for money, to eliminate the necessity and expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and distinct federal litigation might otherwise encounter. Hanes Supply Co. v. Valley Evaporating Co., supra, p. 30 of 261 F.2d; Stiller v. Hardman, 324 F.2d 626, 628 (2 Cir. 1963); Squeez-a-Purse Corp. v. Stiller, 31 F.R.D. 261, 263 (S.D.N.Y.1962); Juneau Spruce Corp. v. International Longshoremen's & Warehousemen's Union, supra, 128 F. Supp. 697, 700 (D.Hawaii 1955); 2 Moore's Federal Practice, par. 1.04 [2], p. 28 and note 20 on that page; 7 Moore's Federal Practice, par. 60.28 [1], p. 314, and par. 69.03 [3], p. 2411; Senate Report No. 1917, 83rd Cong., 2d Sess., U.S. Code Cong. and Adm. News (1954), p. 3142. If for enforcement purposes, registration were to be given a lesser status than a judgment on a judgment, some or all of these purposes are thwarted and the judgment creditor, in order fully to protect himself, must resort to the old and more formal procedure.

3. The authorities do not narrow the language of the statute in their comments or applications. They tend, instead to quote or paraphrase it: "[T]he registered judgment has the same effect as though it had been rendered by the registering court. * * *" 7 Moore's Federal Practice, par. 69.03 [2], p. 2409. "The judgment so registered has the effect of a judgment of the district court for the district in which it is registered" [footnote omitted]. 3 Barron & Holtzoff, Federal Practice and Procedure (Wright Revision) § 1422, p. 478. "[T]he judgment has the same effect as a judgment of the Florida district court * * *." Gullet v. Gullet, 188 F.2d 719, 720 (5 Cir. 1951); James Blackstone Memorial Ass'n v. Gulf M. & O. R.R., 28 F.R.D. 385, 386 (D.Conn.1961); Restatement of the Law, Second, Conflict of Laws, Tentative Draft No. 10 (1964) § 433, comment c.

Although there have been instances where the registration court has felt it may not have, or has chosen not to exercise, full power over the registered judgment for all purposes, James Blackstone Memorial Ass'n v. Gulf M. & O. R.R., supra, p. 386 of 28 F.R.D.; Squeez-a-Purse Corp. v. Stiller, supra, p. 263 of 31 F.R.D., problems attendant upon this broader aspect of the statute are not now before us. We are concerned here only with the registration's having the same effect as a money judgment for the purpose of enforcement in the registration court and for the resulting application of the registration state's period of limitations.

4. The statute appears to be broader in its language and scope than a mere "ministerial" or enforcement aid. It is true that it does contain the words, "and may

be enforced in like manner". Some courts, accordingly, have described registration as a ministerial step. See Gullet v. Gullet, supra, p. 720 of 188 F.2d. But this is only part of the statute. The very position of the words of enforcement in the statute demonstrates that they are additive and not restrictive and that the statute has some substantive aspect and not exclusively a procedural character. If it were otherwise the enforcement language is surplusage.

■ We are aware that § 1963, by its terms, refers to registration of a judgment "which has become final by appeal or expiration of time for appeal", and that this Mississippi judgment was registered in Missouri only one day after it was entered in Mississippi. Although the defendant Utley is silent on the point, it would seems that one could argue that there was no compliance with the statute because the registration in Missouri was premature in that it was effected within and not after the 30-day appeal period prescribed by Rule 73(a), F.R.Civ.P. See Abegglen v. Burnham, 94 F.Supp. 484 (D.Utah 1950), and Gulf & Southern Transp. Co. v. Jordan, 257 F.2d 361, 363 (5 Cir. 1958). The Mississippi judgment, however, recites:

"*  *  *  it appearing to the court that defendants filed an answer on December 10, 1952 and that defendants' attorneys by letter dated July 23, 1955  *  *  *  advised that the defendants did not have any objections to plaintiffs securing a judgment against defendants, which letter is a part of the court file in this cause  *  *  *"

The situation thus appears to be one which falls within the rule that a person who has consented to the entry of a judgment, unless the matter is one of jurisdiction, has no status to appeal. Francisco v. Chicago & A.R. Co., 149 F. 354, 355 (8 Cir. 1906); Stewart v. Lincoln-Douglas Hotel Corp., 208 F.2d 379, 381 (7 Cir. 1953); Foger v. Johnson, 362 S.W.2d 763, 765 (Mo.App.1962); Hunter v. Stanford, 198 Miss. 299, 22 So.2d 166 (1945); Duvall v. Duvall, 224 Miss. 546, 80 So.2d 752, 756, 81 So.2d 695 (1955); Legg v. Legg, 168 So.2d 58, 60 (Miss. 1964). See Becker v. Anchor Realty & Inv. Co., 71 F.2d 355 (8 Cir. 1934). 4 C.J.S. Appeal and Error § 213; 4 Am. Jur.2d Appeal and Error, § 243.

■ It follows that, with no right in the defendants to appeal, the Mississippi judgment forthwith upon its entry became final as to them by "expiration of time for appeal", within the meaning of § 1963, and that the April 26 registration of the April 25 judgment was not ineffective because of the lapse of only one day between those two dates.

We note by way of caveat that § 1963 presents much to be answered in the future. Does the statute's "same effect" language apply for all purposes and embrace no exception? Does the registration court have power, under Rule 60, F.R.Civ.P., to correct the registered judgment? See James Blackstone Memorial Ass'n v. Gulf, M. & O. R.R., supra, p. 386 of 28 F.R.D. Is a registered judgment itself subject to registration elsewhere? May a registered judgment be revived by a later reregistration? Is a registered judgment subject to every attack which could be raised in an action on that judgment, such as fraud, lack of jurisdiction, and the like? Is § 1963 the equivalent of the Uniform Enforcement of Foreign Judgments Act even though the latter is much more detailed in its provisions? Must full faith and credit be given to a registered judgment? The presence of these and undoubtedly many other questions prompts us to emphasize that the conclusion we reach here is one having application to the fact situation of this case. We do not now go so far as to say that registration effects a new judgment in the registration court for every conceivable purpose; neither do we say that it fails to do so for any particular purpose.

The conclusion we reach makes it unnecessary to pass upon the plaintiff's suggestion that the Mississippi limitation period was tolled by the defendants' absence from that state. We note in passing, however, that the record does not

establish the defendants' absence from Mississippi. The parties stipulated only that at all times the defendants were residents of Missouri. Residence in Missouri does not necessarily equate with absence from Mississippi.

Reversed and remanded.