**MATANUSKA VALLEY LINES, INC., a Corporation of the Territory of Alaska, Appellant,**

v.

**Frank H. MOLITOR, Appellee.**

**No. 20509.**

United States Court of Appeals Ninth Circuit.

Aug. 25, 1966.

Harbor, 378 U.S. 52, 53, note 1, 77–79, 84 S.Ct. 1594, 12 L.Ed.2d 678.

Donald J. Horowitz, of Schroeter, Farris, Bangs & Horowitz, Seattle, Wash., Edgar Paul Boyko, Los Angeles, Cal., for appellant.

George S. Lundin, of Geraghty, Lundin & Geraghty, Seattle, Wash., for appellee.

Before CHAMBERS, HAMLEY and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge:

On July 26, 1956, Matanuska Valley Lines, Inc. (Matanuska) obtained a default judgment in the sum of $21,418.95 against Frank H. Molitor in the United States District Court for the District of Alaska. Pursuant to 28 U.S.C. § 1963 (1964), Matanuska registered the judgment on September 10, 1964 in the United States District Court for the Western District of Washington. On June 11, 1965, the judgment creditor commenced supplemental proceedings on the registered judgment in the latter court. On motion of Molitor, that court entered an order abating the proceedings on the ground that enforcement of the registered judgment is barred by the Washington statute of limitations. Matanuska appeals. We affirm.

Under the laws of Alaska, the effective life and lien of a judgment obtained in Alaska is ten years. Title 9, Chap. 30, Alaska Statutes Annotated (1962). The judgment obtained in Alaska by Matanuska was registered in the Washington district court, and the supplemental proceedings thereon were commenced, within this ten-year period. However, under Wash.Rev.Code 4.16.140 and 6.36.020, a foreign judgment is not enforceable in Washington, or registrable "in any court" of that state, after the expiration of six years following entry of the foreign judgment.

Title 28, § 1963, providing for the registration of district court judgments in other district courts contains no provision limiting the time within which such judgments may be registered. However, that section does provide that a judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.[1]

It has long been established that the enforcement of a judgment of a sister state may be barred by application of the statute of limitations of the forum

---

1. See, also, Rule 69(a), Federal Rules of Civil Procedure, which provides in pertinent part:

"Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. * * *"

state. McElmoyle for Use of Bailey v. Cohen, 13 Pet. 312, 38 U.S. 312, 327, 10 L.Ed. 177. Application of the forum's statute of limitations entails no violation of the full faith and credit clause of the Constitution since such statutes are deemed to affect procedure only and not the substance of the action. Any attempt by Matanuska to enforce its judgment in the Washington state courts after the lapse of six years would have been fruitless despite the "liveness" of the judgment according to the Alaska statutes. Should a different result obtain because enforcement of a judgment registered under section 1963 is sought in the district court sitting in Washington? We think not.

■ In those cases where jurisdiction is founded upon diversity of citizenship, the district courts are to apply the substantive law of the forum state (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188), including the forum state's conflict of laws rules (Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477). Application of the *Klaxon* doctrine in this case results in the use of the Washington statutes which expressly limit actions on foreign judgments or registration of foreign judgments to six years.

It could be argued that *Klaxon* is inapplicable in the present case because jurisdiction is based on 28 U.S.C. § 1963 rather than diversity of citizenship. However, we are of the view that a departure from the *Klaxon* principles would be justified only if Congress, in enacting the registration statute, had expressed its will with regard to the applicable law. See Richards v. United States, 369 U.S. 1, 7, 82 S.Ct. 585, 7 L.Ed.2d 492. Section 1963 gives no indication that Congress intended that the statute of limitations of the state of registration should be ignored; nor is there any such indication in the act's legislative history. 1954 U.S. Code Cong. and Adm.News, p. 3142.

The Supreme Court in Klaxon Co. v. Stentor Co. was guided by a desire to preserve equal administration of justice in "coordinate state and federal courts

sitting side by side." We think that this principle is equally applicable in registration proceedings under 28 U.S.C. § 1963 and hold that the district court correctly applied the statute of limitations of the forum state to determine the validity of the proceedings on the Alaska judgment.

Mention should be made of Stanford v. Utley, 8 Cir., 341 F.2d 265, a recent appellate decision construing the federal registration of judgments statute. The plaintiff in *Stanford* obtained a judgment in a Mississippi district court; this judgment was registered the next day in a Missouri district court. Seven and one-half years later the plaintiff sought to take defendant's deposition to discover assets, but the notice to take the deposition was quashed by the district court on the ground that proceedings on the judgment were barred by the laws of Mississippi after a lapse of seven years. On appeal the district court was reversed; the appellate court held that registration of the judgment, so far as enforcement was concerned, was the equivalent of a new judgment of the registration court. Since the registered judgment was viewed as a new Missouri judgment, the Missouri statute allowing ten years for the enforcement of judgments was held applicable.

Both parties in the instant case cite *Stanford* as supporting their respective arguments. But an important factual distinction prevents that case from being considered authoritative here. In *Stanford,* the judgment was registered pursuant to 28 U.S.C. § 1963 at a time when it was live and registrable according to the law of either Mississippi or Missouri. The registrability of the judgment was not disputed; the holding of the Eighth Circuit court relates to the effect of valid registration upon subsequent enforcement proceedings. The question presented to us is whether Matanuska's Alaska judgment is registrable; the Washington laws, which we hold are applicable, say that it is not.

Matanuska cites Juneau Spruce Corporation v. I. L. W. U., D.C.Haw., 128 F.

Supp. 697, and Juneau Spruce Corporation v. I. L. W. U., N.D.Cal., 128 F.Supp. 715, in support of its position. These opinions contain statements to the effect that a judgment to be registrable must be valid and alive in the jurisdiction of origin. These statements are responsive to the issue there involved—whether the judgment was incapable of registration due to the limitation statutes of the rendering state. In our case we have the different issue of whether the judgment was incapable of registration due to the limitation statutes of the registration state. On this issue the *Juneau* decisions are not in point.

Affirmed.