UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas Boyd KELLUM and Jane K.
Kellum, Defendants-Appellants.

No. 74-2990.

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1975.

W. Timothy Jones, Jackson, Miss., William H. Barbour, Sr., Yazoo City, Miss., for defendants-appellants.

Robert E. Hauberg, U. S. Atty., Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before BELL, COLEMAN and GEE, Circuit Judges.

COLEMAN, Circuit Judge.

Thomas Boyd Kellum and Mrs. Jane K. Kellum, husband and wife, appeal from a money judgment entered against them for an indebtedness owed the United States. Although not for the reasons assigned by the District Court, we affirm its Judgment.

For the unpaid balance of a loan from the Small Business Administration, the Kellums, on March 6, 1964, were indebted in the principal sum of $23,848.39, plus interest. On October 28, 1964, in the District Court for the Northern District of Mississippi, a consent judgment was entered against the debtors for the amount of the indebtedness. Thereafter, for seven years *to the day*, nothing happened. On October 28, 1971, pursuant to 28 U.S.C. § 1963,[1] the Northern District judgment was registered in the Southern District, where the Kellums then resided.

It was not, however, until April 16, 1973, in the Southern District, that the United States filed its civil action "to revive and renew" the consent judgment theretofore obtained on October 28, 1964.

The Kellums raised the following defenses to the 1973 complaint:

(1) The action is barred by 28 U.S.C. 2415(a).[2]

(2) The claim was extinguished by §§ 743, 733, and 735 of the Mississippi Code of 1942 [now codified as 15-1-3, 15-1-43, and 15-1-47, respectively, of the Miss.Code of 1972].[3]

---

1. 28 U.S.C., § 1963

A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.

2. The federal statute relied on by appellants is 28 U.S.C., § 2415, which says in relevant part:

§ 2415. Time for commencing actions brought by the United States.

(a) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later.

\* \* \* \* \* \*

(g) Any right of action subject to the provisions of this section which accrued prior to the date of enactment of this Act shall, for purposes of this section, be deemed to have accrued on the date of enactment of this Act.

3. *§ 15–1–3. Completion of limitation extinguishes right.*

The completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the reme-

(3) The cited state statutes, in combination with 28 U.S.C. § 1962,[4] bar the action.

(4) The claim is barred by estoppel.

The District Court held that the "Section 1963 registration [in the Southern District] was tantamount to the obtaining of a new judgment in a plenary action duly filed * * * [and] constituted an effective revival of the original judgment rendered in the Northern District of Mississippi."[5]

The motion to dismiss was denied, the defendants declined to plead further, and final judgment was entered in favor of the United States for the full amount claimed. Relying on this approach, the District Court did not reach the issue of limitations. Since, however, the suit was to "revive and renew a judgment" this was a very viable issue in the case.

### Statutes of Limitation

The United States, absent its own consent, is not subject to local statutes of limitations, *United States v. John Hancock Mutual Insurance Company,* 1960, 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1; *United States v. Summerlin,* 1940, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283; *Phillips v. Commissioner of Internal Revenue,* 1931, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; *United States v. Thompson,* 1878, 98 U.S. 486, 25 L.Ed. 194; *Gibson v. Chouteau,* 1871, 80 U.S. 92, 13 Wall. 92, 20 L.Ed. 534.

Congressional intent to waive governmental immunity from state statutes of limitation must be "clearly manifested", *United States v. Wurts,* 1938, 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932; *United States v. Nashville, C. & St. L. R. Co.,* 1886, 118 U.S. 120, 6 S.Ct. 1006, 30 L.Ed. 81.

Moreover, if Congress attaches conditions to such a waiver, those conditions must be complied with, *Lucas v. Pilliod Lumber Company,* 1930, 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829, 67 A.L.R. 1350.

In the case presently before us, the first question is whether Congress has waived the general governmental immunity from the application of the local (Mississippi) *seven year* statute of limitations.

We think not.

The Small Business Act, 15 U.S.C., § 631 et seq., which created the Small Business Administration, imposes no statute of limitations upon that Organization. The consent judgment of October 28, 1964, was in favor of the United States, and properly so, see 15 U.S.C., §§ 633(c)(1), 633(c)(2), and 635(a); *Small Business Administration v. McClellan,* 1960, 364 U.S. 446, 450, 81 S.Ct. 191, 5 L.Ed.2d 200.

---

dy. However, the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon.

§ 15–1–43. *Limitations applicable to actions founded on domestic judgments or decrees.*

All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after, and an execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree.

§ 15–1–47. *Lien of judgments limited.*

A judgment or decree rendered in any court held in this state shall not be a lien on the property of the defendant therein for a longer period than seven years from the rendition thereof, unless an action be brought thereon before the expiration of such time. However, the time during which the execution of a judgment or decree shall be stayed or enjoined by supersedeas, injunction or other process, shall not be computed as any part of the period of seven years.

Mississippi Code of 1972.

4. 28 U.S.C., § 1962

Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time.

5. Of course, if this is correct, no necessity existed for the filing of a suit to renew and revive.

Appellants contend, however, that 28 U.S.C., § 2415(a) [Footnote 2, *supra*] supplies the necessary waiver or consent. That statute provides, with exceptions, that "every action for money damages brought by the United States upon any express or implied contract shall be barred unless the complaint is filed within six years after the right of action accrues * * *". Additionally, they argue that a consent judgment is a contract, *ergo*, the 1964 consent judgment is a contract, thus barred by Section 2415(a).

■ Our Court has recently said that a consent decree is *in many respects* (emphasis added) a contract between the parties thereto, *United States v. City of Jackson, Mississippi*, 5 Cir., 1975, 519 F.2d 1147, 1151, citing *United States v. ITT Continental Baking Company*, 420 U.S. 223, 236–37, 95 S.Ct. 926, 43 L.Ed.2d 148 (1975). As we read it, the cited case involved the correct construction, or interpretation of, a consent decree entered into between ITT and the Federal Trade Commission. We offer the general observation that the contractual aspect of a consent judgment exists chiefly, if not altogether, in regard to disputes concerning what the parties actually consented to as reflected by the judgment in question.

■ A consent judgment has the same force and effect as any other judgment until set aside in the manner provided by law, *May v. Moss*, 8 Cir. 1952–1954, 194 F.2d 133, *cert. denied* 343 U.S. 952, 72 S.Ct. 1046, 96 L.Ed. 1353; 212 F.2d 400; *Kiwi Coders Corp. v. Acro Tool and Die Works*, 7 Cir. 1958, 250 F.2d 562; *Fleming v. Huebsch Laundry Corp.*, 7 Cir. 1947, 159 F.2d 581; *Siebring v. Hansen*, 8 Cir. 1965, 346 F.2d 474, 477. Furthermore, the legislative history of 28 U.S.C., § 2415 provides no comfort for the appellants. The Senate report on Public Law 89–505, which became Section 2415, declares the purpose of the Act to be the establishment of limitations on contract and tort actions by the United States. At no point does the report designate a judgment as being a contract for the purposes of the Act, 1966 U.S.Code Cong. & Adm.News, pp. 2502–14.

■ We are convinced that this consent judgment for the recovery of money owed the United States, the amount of which is not in dispute, embraced all of the attributes commonly accorded a judgment, as much so as if it had been the result of litigation. It must be treated as a judgment, not as a contract.

■ Therefore, we hold that 28 U.S.C., § 2415 has no applicability to the judgment entered on October 28, 1964; that the United States has not waived its immunity from the applicability of the State seven year statute of limitations; and that the efficacy of the judgment has never been and is not now barred by any statute of limitations. On the same reasoning the Judgment could not be extinguished by a state statute.

Consequently, insofar as the continuing validity *vel non* of the judgment was concerned there was no necessity for the United States to bring suit to renew or revive it. Neither could there be any legal impediment to renewal or revival if the United States saw fit to seek it.

It is altogether undisputed that the Judgment of October 28, 1964 was duly entered by a court having jurisdiction of the parties and the subject matter. The amount owed is not denied. Accordingly, the District Court should have entered judgment reviving and renewing the 1964 judgment.

*Judgment Lien and Levy of Execution*

A further examination of the law quickly reveals the reason for seeking to revive the 1964 Judgment. By virtue of certain statutes and rules enacted by Congress, the Judgment gave the government neither a lien nor the right to levy execution after October 28, 1971.

As to liens, 28 U.S.C. Section 1962 provides, in pertinent part:

Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same

extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time.

As to execution on a judgment, Rule 69(a) of the Federal Rules of Criminal Procedure clearly states:

### Rule 69.
### EXECUTION

(a) In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

The life of a lien or a judgment in Mississippi is specified as follows:

A judgment or decree rendered in any court held in this state shall not be a lien on the property of the defendant therein for a longer period than seven years from the rendition thereof, unless an action be brought thereon before the expiration of such time. However, the time during which the execution of a judgment or decree shall be stayed or enjoined by supersedeas, injunction or other process, shall not be computed as any part of the period of seven years. Section 15-1-47, Miss.Code 1972.

Thus, on October 28, 1971 the United States had a judgment against the Kellums which could be renewed or revived, but it was incapable of enforcement, either by lien or levy. It was a tiger without teeth.

*Was the 1964 Judgment Revived and Renewed by Registering it in Another District Within the Same State?*

■ If, as the government contends, and as the District Court decided, the 1971 registration of the 1964 Judgment was "tantamount to the obtaining of a new judgment in a plenary action duly filed * * * [and] constituted an effective revival of the original judgment", the registration revived both the lien and the right to levy execution.

We, however, must disagree with this position.

In support of its views, the government strongly relies on *Stanford v. Utley*, 8 Cir. 1965, 341 F.2d 265 [per Blackmun, J.]. In the District Court for the Southern District of Mississippi, Stanford had a default judgment, dated April 25, 1956, against Utley and Hood. On April 26, 1956, pursuant to 28 U.S.C., Section 1963, the judgment was registered in the Eastern District of Missouri. Nothing happened until August 6, 1963, when the defendants were noticed for depositions to discover assets. Utley moved to quash the notice, pleading the Mississippi seven year statute of limitations, which had run. The District Court granted the motion.

The problem presented by the appeal was quite succinctly stated as follows:

We thus have the interesting situation where there are (a) a 1956 Mississippi federal judgment registered in that year in a Missouri federal court; (b) a seven year Mississippi period of limitations; (c) a ten year Missouri period of limitations; (d) a federal statute providing that a registered judgment "shall have the same effect as a judgment of the district court of the district where registered"; and (e) an effort by the judgment creditor to discover Missouri assets more than seven but less than ten years after the registration of the judgment in Missouri. In these circumstances what is the effect of the registration? 341 F.2d at 267.

The problem was resolved in the following manner:

We have concluded that § 1963 is more than "ministerial" and is more than a mere procedural device for the collection of the foreign judgment.

We feel that registration provides, *so far as enforcement is concerned*, the equivalent of a new judgment of the registration court. In other words, for the present fact situation and for enforcement purposes, the Missouri federal registration equated with a new Missouri federal judgment on the original Mississippi federal judgment, that is, it is no different than a judgment timely obtained by action in Missouri federal court on that Mississippi judgment. It follows from this that the Missouri ten year period of limitations, provided by V.A.M.S. § 516.350, and not the Mississippi seven year period, applies so far as enforcement is concerned, and that execution proceedings by the plaintiff within the Missouri period, and otherwise proper, are not subject to dismissal. (Emphasis added.) 341 F.2d at 268.

We agree with the holding in *Stanford* but we find it to be inapposite to the issue here presented. We think *Stanford* was correctly analyzed by the Ninth Circuit in *Matanuska Valley Lines, Inc. v. Molitor*, 365 F.2d 358 (1966), "the holding of the Eighth Circuit court relates to the effect of valid registration upon subsequent enforcement proceedings", 365 F.2d at 360.

*Matanuska* declined to allow the registration of an eight year old Alaska judgment (where the statute of limitations was ten years) in the State of Washington, (where the statute ran in six years).

*Stanford* enforced a registered judgment from a seven year state (Mississippi) in a ten year state (Missouri).

Neither *Stanford* nor *Matanuska* held that registration created a brand new judgment, to be enforced as if there had never been a judgment in the case.[6]

Here, we have a judgment entered in Mississippi and registered in Mississippi, albeit in another district. The crucial point is that the same seven year period for enforcement applied in both districts. The statute, Section 1963, specifies that "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be *enforced* in like manner", that is, enforced according to the laws of the state where registered. The Kellum judgment registered *in the same state* in 1971 was nothing more than the 1964 judgment, and was to be enforced according to the laws of Mississippi. It is just that simple, and to hold otherwise would be to emasculate 28 U.S.C. Section 1962 as to liens and Rule 69(a) as to the levy of execution for the enforcement of the judgment, not to mention the rule that remedies are to be enforced according to the law of the forum. To be more specific, the effect of the judgment remained the same, the Kellums were indebted to the United States for a specified sum of money, but the enforcement thereof continued to be governed by the Mississippi statute as controlled by Section 1962 and Rule 69(a). There was no new judgment as would have been obtained in a plenary action duly filed. Neither did the registration renew or revive the 1964 judgment.

After October 28, 1971 the United States had its judgment but until the entry of the new judgment, reviving and

---

**6.** The *Stanford* opinion was careful to state:

> We note by way of caveat that § 1963 presents much to be answered in the future. . . . May a registered judgment be revived by a later reregistration? . . . The presence of these and undoubtedly many other questions prompts us to emphasize that the conclusion we reach here is one having application to the fact situation of this case. *We do not now go so far as to say that registration effects a new judgment in the registration court for every conceiva-*

> *ble purpose;* . . . . (Emphasis added.) 341 F.2d at 271.

Relatedly, 7 Moore's Federal Practice ¶ 69.-03[3] says:

> [t]o aid the collectibility of federal judgments, and without the necessity of bringing an independent action on the federal judgment in *another state* where the judgment debtor may have property, a general registration statute was added by the Judicial Code Revision of 1948 [28 U.S.C. § 1963].

(Footnotes omitted.) (Emphasis added.)

renewing the original, it had neither a lien nor the right to levy execution.

Nevertheless, because a new judgment was entered against the defendants as to the sums due the United States, although entered for the wrong reasons, and the United States was clearly entitled to renewal and revivor, the Judgment of the District Court is

Affirmed.