Kay **JUNEAU, et al.**

v.

**Samuel G. COUVILLION, Clerk of Court, Avoyelles Parish and Charles B. Cox.**

**Civ. A. No. 92–0662.**

United States District Court, W.D. Louisiana, Alexandria Division.

May 24, 1993.

Renee Y. Roy, Marksville, LA, for plaintiffs.

James F. Willeford, Ryan & Willeford, Mark Fierro, Gordon P. Serou, Jr., Evans & Co., New Orleans, LA, for defendants.

### RULING

LITTLE, District Judge.

The plaintiffs bring this action seeking a writ of mandamus ordering the recorder of mortgages for the Parish of Avoyelles to

---

cancel the recordation of a judgment recorded by defendant Charles B. Cox in the mortgage records of Avoyelles Parish. The facts are not in dispute. On 16 February 1983, the United States Bankruptcy Court for the Southern District of Mississippi rendered judgment in favor of Cox, made defendant herein, entitling Cox to recover from the plaintiffs for the illegal removal of property from Cox's bankrupt estate and for destruction of property belonging to the bankrupt estate. On 14 November 1991, the United States Bankruptcy Court for the Southern District of Mississippi certified the judgment for registration in other federal district courts. Cox then registered the judgment in this court on 4 December 1991 by filing the certified copy of the judgment with the Clerk of Court for the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1963. On 12 December 1991, Cox recorded a certified copy of the judgment registered in this federal court in the mortgage records of Avoyelles Parish, thereby ostensibly creating a judicial mortgage on the judgment debtors' Avoyelles Parish property pursuant to La.Rev.Stat. Ann. § 13:4204. On 2 March 1992, the plaintiffs brought this action as a petition for a writ of mandamus in the Twelfth Judicial District Court for the Parish of Avoyelles, State of Louisiana. The object of the suit was to force the Avoyelles Parish clerk of court to cancel the recorded judgment from the public records. Defendant Cox removed the case to this court on federal question grounds.

Before the court is the plaintiffs' motion for summary judgment on grounds that at the time defendant Cox registered the original judgment with this court on 4 December 1991, it was extinguished under Mississippi statute by the lapse of seven years. Defendant Cox has filed a cross motion for summary judgment on the prescription issue, arguing that under 28 U.S.C. § 1963, Louisiana's ten-year prescriptive period should control, not the shorter Mississippi period. We find plaintiffs' position to be the correct one.

Section 1963 provides for the registration of federal judgments in other districts. 28 U.S.C. § 1963. Its purpose is to "assist[ ] judgment creditors by making it possible for them to pursue the property of a debtor in satisfaction of a judgment by the ordinary process of levying execution on a judgment in any district where the judgment is registered." S.Rep. No. 1917, 83rd Cong., 2d Sess. (1954), *reprinted in* 1954 U.S.C.C.A.N. 3142. It was enacted so that creditors and debtors would be spared "the additional cost and harassment of further litigation which would otherwise be required by way of an action on the judgment in a district other than that where the judgment was originally obtained." *Id.*

A judgment registered pursuant to 28 U.S.C. § 1963 has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963. Thus, while 28 U.S.C. § 1963 contains no provision restricting the time within which a judgment may be registered or a judgment so registered may be enforced, it has been held that both registration and enforcement may be time-barred by the laws of the state of registration. *See United States v. Kellum,* 523 F.2d 1284, 1289–90 (5th Cir.1975) (enforcement); *Matanuska Valley Lines, Inc. v. Molitor,* 365 F.2d 358, 359–60 (9th Cir.1966) (registration), *cert. denied,* 386 U.S. 914, 87 S.Ct. 864, 17 L.Ed.2d 786 (1967); *Stanford v. Utley,* 341 F.2d 265, 269 (8th Cir.1965) (enforcement). But here, it is not argued that enforcement or registration is barred by the registration state's time limitations.[1] The question before us is whether registration under 28 U.S.C. § 1963 can be given effect if at the time of registration, the judgment has already expired in the state of issuance.

---

1. Although defendant Cox argues for application of Louisiana's ten-year period, it is less than clear that registration was timely even under Louisiana law. Under article 3501 of the Louisiana Civil Code, an action to enforce a judgment "rendered by a court of another state" is not enforceable in Louisiana if it is prescribed under the laws of the state where it was rendered. But plaintiffs do not argue this point, and we need not attempt to discern whether Louisiana courts would apply this article to block enforcement of federal judgments. Defendant Cox's argument cannot prevail against the plain language and legislative history of 28 U.S.C. § 1963.

Only a handful of courts has addressed the interplay between § 1963 registration and state statutes of limitation. Consequently, both plaintiffs and the defendant rely exclusively on the three cases cited above, *Stanford*, *Matanuska*, and *Kellum*, as supporting their respective arguments. Although none of these deals with the precise issue at bar, they represent the only circuit authority in this otherwise desolate area. We therefore examine each in turn.

In *Stanford*, the Eighth Circuit held that where enforcement proceedings were brought within the registration state's (Missouri's) ten-year limitation, enforcement was not time-barred even though it would have been barred in the state of issuance (Mississippi). *Stanford v. Utley*, 341 F.2d 265, 268 (8th Cir.1965). Defendant relies heavily on *Stanford* to support his argument that the registration state's time limit controls. We find *Stanford* conspicuously inapposite. The judgment creditor in that case registered his judgment in the Eastern District of Missouri the day following its issuance in the Southern District of Mississippi; it was enforcement proceedings that he waited more than seven years to file. *Id.* at 266. And in concluding that Missouri's statute of limitations applied, the Eighth Circuit specifically limited its holding to enforcement proceedings. *Id.* at 268. We agree with *Stanford* that "timely registration opens the way to enforcement procedure in the registration court." *Id.* at 269. But it does not help us determine whether the registration here was in fact timely.

The Ninth Circuit's decision in *Matanuska* is likewise inapplicable. *Matanuska Valley Lines, Inc. v. Molitor*, 365 F.2d 358 (9th Cir.1966), *cert. denied*, 386 U.S. 914, 87 S.Ct. 864, 17 L.Ed.2d 786 (1967). In that case, the judgment creditor obtained a favorable judgment in Alaska, where judgments have a life of ten years. 365 F.2d at 359. More than six years later, it registered the judgment in Washington. *Id.* Under Washington statute, foreign judgments were not enforceable or registrable in any court of that state after six years. *Id.* The Ninth Circuit held that this enforcement provision barred registration of the Alaskan judgment even though it

was still enforceable in Alaska. *Id.* at 360. Defendant would have us wrest from this a sweeping rule that in all § 1963 situations, the registration state's laws supplant those of the issuing state. We do not think *Matanuska* can be extended to the facts here. In fact, the Ninth Circuit expressly distinguished the issue before it from the one before us today—*i.e.*, whether a judgment can be incapable of registration because of limitation statutes of the rendering state. *Id.* at 361.

In *United States v. Kellum*, 523 F.2d 1284 (5th Cir.1975), the judgment creditor (the United States government) obtained judgment in its favor from the Northern District of Mississippi and registered it in the Southern District of Mississippi on the last day of Mississippi's seven-year statute of limitations. *Id.* at 1285. The United States did not bring action to revive the judgment, however, until two years following registration. *Id.* The lower court held that the timely-by-the-skin-of-the-teeth registration had served to revive the judgment. The Fifth Circuit disagreed, but affirmed on grounds that the state statute of limitations did not run against the federal government. *Id.* at 1287. The defendant argues that *Kellum* is distinguishable from the facts here because of Mississippi's dual status in that case as both the state of issuance and the state of registration. We agree that the Fifth Circuit's holding on the effect of registration seemed to turn on Mississippi's status as the state of registration rather than its status as the state where judgment was rendered. *See Id.* at 1289–90. But this does not prevent us from extracting the kernel of logic at *Kellum's* core—that is, that registration under § 1963 does not magically revive a dead judgment.

Although none of the circuit authority relied upon by the parties is directly applicable, we are not the first court to encounter this entanglement of statutes. In 1955, the District of Hawaii confronted this very conundrum in *Juneau Spruce Corp. v. International Longshoremen's & Warehousemen's Union*, 128 F.Supp. 697 (D.Haw.1955). In that case, a judgment from the District of Alaska was registered in the District of Hawaii.

Under Alaska law, judgments and judicial liens were viable for ten years. But after five years, a judgment debtor could obtain a writ of execution only upon filing motion for leave with the clerk of court. *Id.* at 700–01 & n. 8. The judgment creditor had registered the judgment in Hawaii more than five years after judgment but before the lapse of ten years. In a thorough and well-reasoned opinion, the *Juneau Spruce* court held that to be registrable, a judgment must be "valid and subsisting in the jurisdiction of origin." *Id.* at 700. After examining the legislative history of 28 U.S.C. § 1963, the court categorized judgments as "live," "dead," or "dormant." Because only the time for obtaining a writ of execution of right had expired and not the judgment itself, the court reasoned that the judgment was not dead, but merely "dormant." *Id.* at 706. The court concluded that in light of the purpose of § 1963, a dormant judgment could be registered if issuance of execution after dormancy was perfunctory and not a discretionary revival of the judgment itself. *Id.* at 704.

We need not go this far. Under Mississippi law, the judgment here was clearly "dead" at the time of registration. Under section 15–1–3 of the Mississippi Code, expiration of a statute of limitation extinguishes the right as well as the remedy. Miss.Code Ann. § 15–1–3 (1972 & Supp.1991); *see also Kellum,* 523 F.2d at 1285–86 & n. 3. We agree with the logic in *Juneau Spruce* that a dead judgment (where the judgment itself has expired) cannot gain new life through registration pursuant to 28 U.S.C. § 1963. This makes eminent sense and is consistent with the Fifth Circuit's holding in *Kellum.* The goal of § 1963 was merely to " 'aid the collectibility of federal judgments.' " *Kellum,* 523 F.2d at 1289 n. 6 (quoting 7 James W. Moore et al, *Moore's Federal Practice* ¶ 69.03[3] (2d ed. 1992)). We cannot attribute to Congress an intent to resuscitate impotent judgments.

If defendant Cox had registered with this court a valid judgment, the law of Louisiana would have governed all aspects of enforcement in this state. But because he failed to revive the judgment or register it with this court while it was still viable, he lost his judgment and with it, his right to enforce it.

Because the judgment registered with this court was no longer a valid one, it cannot support a judicial mortgage under § 13:4204 of Louisiana's Revised Statutes. Consequently, the recordation in the mortgage records for · the Parish of Avoyelles should be cancelled. Plaintiffs seek a writ of mandamus ordering that this be done. Because the judgment was invalid when registered with this court, the registration must be vacated. Upon presentment of our order vacating the registered judgment, cancellation should be forthcoming.

For these reasons, the defendant Cox's cross motion for summary judgment is DENIED. Plaintiffs' motion for summary judgment is GRANTED.