No. 73–6271. MICHAELS v. ARIZONA. Appeal from Sup. Ct. Ariz. dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

In March 1971, the appellant, a juvenile, was arrested in connection with a series of robberies of other juveniles in the vicinity of a local elementary school. The appellant was subsequently charged in Pima County, Arizona, Juvenile Court with delinquency by reason of law violations including five counts of armed robbery, one count of assault with a deadly weapon, and one count of theft. In April 1971, appellant was declared a delinquent; the court dismissed the theft count, reduced a count of robbery to attempted robbery, reduced the assault count to simple assault, and found the charges, as so modified, to have been established. At a dispositional hearing the appellant was placed on probation for an indefinite period. On appeal, the Arizona Supreme Court struck down a number of the charges as based upon identification testimony tainted by an illegal arrest of the appellant. But the court found that, after "[s]triking the charges which may have rested on tainted identifications, one count of attempted robbery still remains. Finding no clear error on this charge, we affirm that adjudication and the disposition order entered by the juvenile court." *In re Appeal of Pima County Anonymous,* 110 Ariz. 98, 103, 515 P. 2d 600, 605 (1973).

In the juvenile proceedings appellant was denied the right to a jury trial by Rule 7 of the Rules of Procedure

of the Juvenile Court. His case was heard by a Juvenile Court Judge who, pursuant to Ariz. Rev. Stat. Ann. §§ 8–202 to 8–205 (1956) and various Juvenile Court Rules, appoints and supervises the Juvenile Courts' prosecutorial staff. The appellant challenges the constitutionality of these statutes and rules.

Other aspects of this same juvenile court system were before the Court in *In re Gault,* 387 U. S. 1 (1967). There Gerald Gault had been adjudicated a delinquent and ordered confined until he reached majority, a sentence of more than five years, "in what is in all but name a penitentiary or jail." *Id.,* at 61 (Black, J., concurring). We held the juvenile process involving such harsh consequences was constitutionally deficient in not providing adequate written notice, advice as to appointed or retained counsel, the right to confrontation, and the privilege against self-incrimination.

Mr. Justice Black noted:

"Where a person, infant or adult, can be seized by the State, charged, and convicted for violating a state criminal law, and then ordered by the State to be confined for six years, I think the Constitution requires that he be tried in accordance with the guarantees of all the provisions of the Bill of Rights made applicable to the States by the Fourteenth Amendment. Undoubtedly this would be true of an adult defendant, and it would be a plain denial of equal protection of the laws—an invidious discrimination—to hold that others subject to heavier punishment could, because they are children, be denied these same constitutional safeguards." *Ibid.*

Appellant faced the same possibility of confinement until he reached majority. Though his precise age is not disclosed, he faced at least three years of possible con-

finement since he was proceeded against as "a person under the age of eighteen years." Jurisdictional Statement App. xxii. As I stated in *McKeiver* v. *Pennsylvania*, 403 U. S. 528 (1971):

> "No adult could be denied a jury trial in those circumstances. *Duncan* v. *Louisiana*, 391 U. S. 145, 162. The Fourteenth Amendment, which makes trial by jury provided in the Sixth Amendment applicable to the States, speaks of denial of rights to 'any person,' not a denial of rights to 'any adult person.'" *Id.*, at 560 (dissenting opinion).

When the appellant here was denied the right to trial by jury, he was not even afforded the alternative available to an adult charged with the same offenses—trial before a judge not involved in the prosecutorial process. Juvenile Court judges, unlike the judges in the State's adult criminal courts, are responsible for the appointment and supervision of the prosecutorial staff responsible for proceeding against juveniles. The court assigns juvenile officers to receive complaints alleging delinquent conduct, directs what dispositional investigations the officers shall make, appoints the chief officer who then serves at the judge's pleasure, and controls through power of approval the appointment of all other prosecuting personnel.

The appellant was denied the right to jury trial and forced to trial before a judge with the duty of supervising the prosecutorial staff solely because he is a juvenile and subject to the jurisdiction of the Juvenile Courts. Since I continue to believe that "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone," *In re Gault, supra,* at 13, I can find no justification for this discrimination in the treatment of juveniles charged with criminal conduct.