D. Doyle MIZE

v.

McGRAW–HILL, INC.

Civ. A. No. 76–H–1100.

United States District Court, S. D. Texas, Houston Division.

June 11, 1979.

Roger R. Wright, Jr., Houston, Tex., for plaintiff.

Richard F. Bergner, Houston, Tex., for defendant.

*Memorandum and Order:*

SINGLETON, District Judge.

This defamation action arises out of an article entitled "The Tangled Valhi Affair" published by McGraw-Hill in the August 25, 1975, issue of "Business Week" magazine. Presently before the court is Mr. Mize's motion to compel McGraw-Hill's answers to certain interrogatories thereby disclosing the identity of a confidential source used in preparing the article.

██ The motion is opposed by McGraw-Hill on the ground that the first amendment extends to protect a reporter from compulsory disclosure of a confidential source in a civil case. Having extensively reviewed the case law in this area, the court finds that the news-gathering process, including confidentiality of news sources, enjoys first amendment protection in a civil suit to the extent that the court must balance competing interests in light of the circumstances of a particular case in determining whether compulsory disclosure is justified.

An acknowledged starting point in this analysis is the Supreme Court's opinion in *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). The Court held

there was no first amendment privilege accorded a news reporter in a criminal case not to respond to a grand jury subpoena including the disclosure of confidential sources. *Branzburg*, involving a criminal proceeding and the integrity of the grand jury, is not dispositive of the issue in a civil case. However, both the majority opinion by Justice White and the concurring opinion by Justice Powell recognize and reaffirm the preferred position of the first amendment in the bill of rights and the need to limit any infringement to the necessities of the individual case. *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977), *Gulliver's Periodicals, Ltd. v. Chas. Levy Cir. Co.*, 455 F.Supp. 1197 (N.D.Illinois, E.D., 1978), *Baker v. F & F Investment*, 470 F.2d 778 (2d Cir. 1972).

Justice Powell in his concurring opinion highlights the competing interests involved in cases where a news reporter's privilege is asserted:

> The asserted claim . . . should be judged on its facts by the striking of a proper balance between freedom of the press and the obligation of all citizens to give relevant testimony . . . . The balance of these vital constitutional and societal interests on a case-by-case basis accords with the tried and traditional ways of adjudicating such questions.

*Branzburg, supra*, 408 U.S. at 710, 92 S.Ct. at 2671 (footnotes omitted). Justice White acknowledges that the news-gathering process qualifies for first amendment protection stating "without some protection for seeking out the news, freedom of the press could be eviscerated." *Branzburg, supra* at 681, 92 S.Ct. at 2656.

In the years since *Branzburg* both state and federal courts have been balancing the plaintiff's interest in disclosure and the citizen's duty to testify against the possible impairment of the public's right to information through the news-gathering process. Even those courts which have ordered disclosure of a confidential source have done so after carefully balancing these equally compelling and competing interests. *Carey v. Hume*, 160 U.S.App.D.C. 365, 492 F.2d

631 (1974). At least one circuit considers a qualified privilege "no longer in doubt." *Silkwood v. Kerr-McGee Corp., supra* at 437.

The first civil case in which a reporter asserted a first amendment privilege against disclosure of a confidential source was *Garland v. Torre*, 259 F.2d 545 (2d Cir. 1958), in which the Second Circuit ordered the disclosure of a news source in a libel action. That case was a suit for breach of contract and defamation against CBS brought by Judy Garland. The defamation claim concerned an article by Marie Torre in which Torre attributed certain comments to an unnamed CBS executive. Plaintiff deposed Torre seeking the executive's identity after the plaintiff had unsuccessfully tried to discover the information through other means. The district court denied Torre's request for an order prohibiting plaintiff from inquiring as to the executive's identity. Torre refused to answer and was held in criminal contempt. In affirming the district court, the Second Circuit balanced the competing interests finding that the identity of the news source went to the heart of plaintiff's claims; that alternative sources had been exhausted; that the information sought was not of doubtful relevance or materiality; and that disclosure was a necessary step in plaintiff's due and proper preparation for trial.

Though in *Garland* Judge Stewart specifically declined to recognize a news reporter's privilege "in the absence of a statute creating one," *Garland*, supra at 550, courts since then have continued to consider and weigh the duty to testify against the need to protect the news-gathering process. The majority of the courts have utilized the factors considered by the *Garland* court in determining whether a news reporter would be compelled to reveal a confidential source in a civil case. *See, Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977); *Carey v. Hume*, 160 U.S.App.D.C. 365, 492 F.2d 631 (1974), *cert. dismissed*, 417 U.S. 938, 94 S.Ct. 2654, 41 L.Ed.2d 661 (1974); *Baker v. F & F Investment*, 470 F.2d 778 (2d Cir. 1972);

*Cervantes v. Time, Inc.*, 464 F.2d 986 (8th Cir. 1972); *Gulliver's Periodicals, Ltd. v. Chas. Levy Cir. Co.*, 455 F.Supp. 1197 (N.D. Illinois E.D., 1978); *Apicella v. McNeil Laboratories, Inc.*, 66 F.R.D. 78 (E.D.N.Y.1975).

This court finds that the approach utilized in *Garland, Branzburg, Baker, Carey, Cervantes*, and other cases cited *supra* is the correct approach to deciding a motion to compel disclosure of a news reporter's confidential source. In utilizing this approach "the court will look to the facts on a case-by-case basis in the course of weighing the need for the testimony in question against the claims of the newsman that the public's right to know is impaired." *Carey v. Hume, supra*, 160 U.S.App.D.C. at 370, 492 F.2d at 636 (footnotes omitted).

A common thread in all these cases is the extent to which pretrial discovery had been conducted, the fruits of that discovery, and the resulting demonstrated need or lack of need for compelling disclosure of the news reporter's confidential source. As stated by the court in *Carey, supra* 160 U.S.App.D.C. at 372, 492 F.2d at 638, "[t]he values resident in the protection of the confidential sources of newsmen certainly point towards compelled disclosure from the newsman himself as normally the end, and not the beginning, of the inquiry."

That compulsory disclosure is a "last resort" was recognized earlier by the Eighth Circuit in *Cervantes, supra* at 994, where the court stated "[t]he point of principal importance is that there must be a showing of cognizable prejudice before the failure to permit examination of anonymous news sources can rise to the level of error. Mere speculation or conjecture about the fruits of such examination simply will not suffice [citation omitted]."

Turning now to the facts of the instant case, it is apparent first of all that little has been done in the way of discovery since the defendant refused to reveal the identity of one of its sources. Following the filing of his complaint on June 30, 1976, Mr. Mize served McGraw-Hill with a first set of interrogatories on October 26, 1976.

McGraw-Hill responded on January 11, 1977, refusing to give a complete answer to Interrogatory 3 and refusing to give any answer to Interrogatory 4, both of which required the revelation of a confidential source. McGraw-Hill's refusal to answer these interrogatories was not challenged by Mr. Mize until the instant motion was filed on September 5, 1978. Almost two years had elapsed from the time of McGraw-Hill's refusal to answer to the filing of Mr. Mize's motion to compel. During that time the only discovery reflected in the record is a second set of interrogatories filed by Mr. Mize on September 30, 1977, to which McGraw-Hill responded on November 21, 1977.

Plaintiff Mize, in his Memorandum in Response to Defendant's Opposition to Plaintiff's Motion to Compel, acknowledges that no other discovery of record has occurred in this case. Mr. Mize does refer to "informal" discovery and inquiries in which McGraw-Hill indicated that other of its employees would refuse to disclose the confidential source. It appears from Mr. Mize's brief, at 9, that there is one confidential source in question who resides in Paris, France. It is clear from the record and specifically from the names and addresses of McGraw-Hill's employees provided in the record by McGraw-Hill that there were several individuals working on the story and many sources of information utilized for the article, see Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel Answers to Certain Interrogatories, at 1–17. Plaintiff himself has labeled this motion to compel an attempt to obtain "an advance ruling by this Court on the asserted constitutional privilege." Plaintiff's Memorandum in Response to Plaintiff's Motion to Compel, at 3.

It is apparent from the state of this record that Mr. Mize seeks to compel disclosure in this instance as a preliminary discovery matter rather than as a "last resort." There is no evidence in the record of attempts by this plaintiff to discover facts which would prove or lead to proof of the required elements of his claim. None of the courts which have ordered disclosure of a confidential news source have done so on the basis of a relatively barren record such as this in the form of an "advance ruling." Such paramount competing interests as freedom of the press and a plaintiff's right to develop his case cannot be weighed and balanced in a vacuum. There has been no showing of necessity, as required by *Garland*, only plaintiff's unsupported protestations of need which clearly do not justify so drastic an incursion into first amendment processes as the compulsory disclosure of a news reporter's confidential source. Furthermore, there has been no showing that the identity of the news source goes to the heart of the plaintiff's claim, or that alternative sources have been exhausted. For these reasons, plaintiff's motion to compel will be denied.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that plaintiff's Motion to Compel Further Answers to Plaintiff's First Set of Interrogatories to Defendant be, and the same is, DENIED.