**LIBERTY LOBBY, INC., et al., Plaintiffs,**

**v.**

**Jack ANDERSON, et al., Defendants.**

**Civ. A. No. 81–2240.**

United States District Court, District of Columbia.

Sept. 13, 1982.

Fleming Lee, Washington, D.C., for plaintiffs.

David J. Branson, White & Case, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

ARTHUR L. BURNETT, United States Magistrate.

On June 2, 1982 the plaintiffs filed their motion to compel answers to plaintiffs' first sets of interrogatories to the defendant, Jack Anderson, and to the defendant, The Investigator Publishing Company, and to questions propounded during the deposition of the defendant, Jack Anderson, on April 12, 1982, accompanied by a memorandum of points and authorities in support thereof. On July 19, 1982 the defendants responded, both submitting supplemental answers to a number of the interrogatories at issue and also submitting their opposition to the motion to compel discovery as to other interrogatories and to a number of the deposition questions, with a memorandum in support thereof. On July 30, 1982 plaintiffs filed their statement of points and authorities in reply to the defendants' opposition to the motion to compel discovery. Following an Order of Reference from the Court, filed August 17, 1982, referring all outstanding discovery requests to the United States Magistrate for resolution, this Magistrate heard oral argument and representations from counsel on September 3, 1982.

Having since thoroughly reviewed the court file in this case and having considered the issues involved in this litigation and relevant precedent concerning the scope of discovery which should be allowed under relevancy standards of Rule 26(b)(1), but with due regard for avoiding needless invasion of privacy, discovery abuse, and unwarranted discovery expense, this Magistrate has reached the following decision concerning further discovery as to the interrogatory and deposition questions in dispute.

1. The defendant, The Investigator Publishing Company, shall furnish further supplemental answers to interrogatory Nos. 3, 4, 5, 8 and 11, as it has promised in the supplemental answers filed July 19, 1982, this to be done no later than September 24, 1982.[1]

2. The defendant, The Investigator Publishing Company, shall furnish a further supplemental answer to interrogatory No. 13 with reference to employees of defendant, each employee's area of responsibility during the period of the preparation and publication of the articles at issue in this case. Further, this defendant shall identify the persons retained by Bernie Springsteel who have been referred to in the answers but whose identities were not disclosed. Finally, with reference to the "two sources whose identity is not revealed because of a confidentiality agreement", in order for the Court or Magistrate to determine if the qualified privilege is being properly invoked, this defendant shall furnish a recitation of the precise information contained in the article in question obtained from each of these two (2) sources separately and a statement of whether this same information was verified as being truthful from other sources who or which can be identified, and, if so, the identity of these corroborating sources, this to be done no later than September 24, 1982.

While it is now well established that under the First Amendment journalists have a qualified privilege to refuse to disclose confidential sources when requested in civil litigation, *Zerilli v. Smith*, 656 F.2d 705 (D.C.Cir.1981); *Carey v. Hume*, 492 F.2d

---

1. The Magistrate notes that on July 19, 1982 it was represented that this information could best be obtained from Bill E. Adkins, a defendant who has been represented to have been the President and Chief Executive Officer of The Investigator Publishing Company, but that he was then out of the country. This defendant must now promptly come forward with the required information even if it is necessary to reach Mr. Adkins abroad, if he is still out of the country, or it becomes necessary to obtain the information from other sources.

631 (D.C.Cir.), *cert. dismissed,* 417 U.S. 938, 94 S.Ct. 2654, 41 L.Ed.2d 661 (1974); *Tavoulareas v. Piro,* 93 F.R.D. 11 (D.D.C.1981); *Ardalan v. New York Magazine, Inc., et al.,* C.A. No. 79–2285, 109 W.L.R. 501 (March 19, 1981), this does not mean that a journalist can deprive his opponent and the court of relevant information to determine whether the qualified privilege is being properly invoked, or whether this is the rare or exceptional case in which the disclosure of the source is critically necessary as going to the heart of the plaintiff's case, without which justice would fail. See *Garland v. Torre,* 259 F.2d 545 (2d Cir.1958). If the information sought cannot be obtained from an alternative source, disclosure may ultimately be required, if the requesting litigant has shown that he has exhausted every reasonable alternative source of information. *Zerilli v. Smith,* 656 F.2d at 713; *Miller v. Transamerican Press, Inc.,* 621 F.2d 721 (5th Cir.1980). . Should the required disclosure reveal no reasonable alternative sources of information, plaintiffs may then renew their motion to require disclosure of the two (2) alleged confidential sources.[2]

3. The defendant, The Investigator Publishing Company, shall identify those individual persons of Hearst Corporation, with whom it dealt, in response to interrogatory No. 21, no later than September 24, 1982, but the motion to compel as to the companion interrogatory No. 22 is hereby denied.

4. The motion to compel with reference to interrogatory Nos. 24, 25 and 26 is hereby denied to the extent that Charles Bermant's notes produced and furnished to the plaintiffs and the Appendix attached to the Bermant Affidavit in support of defendants' motion for summary judgment, filed August 19, 1982, contain *all* of the information responsive to these interrogatories; if the notes do not, then further supplemental answers shall be required no later than September 24, 1982.

5. In all other respects, the motion to compel answers to interrogatories from the defendant, The Investigator Publishing Company, is hereby denied.

6. The defendant Jack Anderson shall answer interrogatory No. 8 with reference to cases, if any, in which a judgment for libel or defamation was entered against him, and interrogatory No. 30 concerning occasions, if any, in which he has retracted, modified, corrected, or apologized for any alleged untruthful statement, the Magistrate being of the view that these questions may elicit answers relevant to actual malice—knowledge of falsity or conduct in reckless disregard of whether the information was false or not—and credibility of the defendant as a witness in this litigation. The defendant shall comply with this paragraph of the Order no later than September 24, 1982.

7. In all other respects the motion to compel discovery with reference to plaintiffs' interrogatories directed to the defendant Jack Anderson is hereby denied.

8. With reference to plaintiffs' motion to compel defendant Jack Anderson to answer questions asked during his deposition of April 12, 1982, the Magistrate, having determined from reviewing the deposition that the questions are basically the same as involved in the interrogatory questions at issue, and that the Magistrate's ruling thereon requires the defendant Jack Anderson to furnish additional information in two (2) particular instances, and thus there is no need to require the resumption of the deposition to elicit that same information, and that in all other respects the questions will not elicit information relevant or potentially helpful in resolving the issues in this case, the motion to compel is hereby denied.

9. Based on the foregoing rulings, and having determined that the defendants'

2. However, as this Magistrate stated in *Ardalan v. New York Magazine, Inc., et al., supra,* where the truthfulness or falsity of the statements at issue can be established by other independent means of discovery, or there exist other sources and information which could establish the absence of malice or recklessness by the publisher of the article, they must be pursued first, and compelled disclosure of confidential sources should be denied. *See also, Tavoulareas v. Piro,* 93 F.R.D. at 17.

actions in not furnishing a substantial part of the discovery information at issue was substantially justified, and where the failure initially to furnish some of the discovery required was subsequently corrected by supplemental answers filed prior to any court ruling, and concluding that plaintiffs' discovery requests in many instances went far beyond what was relevant or likely to lead to admissible evidence, the Magistrate concludes that the plaintiffs' request for costs and attorney's fees shall be and is hereby denied.[3]

IT IS SO ORDERED.

---

3. This Magistrate is of the view that an award of attorney's fees is inappropriate when counsel on each side of a discovery dispute are both significantly at fault, either in not properly limiting the discovery requests in the first instance or in resisting that discovery which is obviously relevant and proper.