Paul D. DICHTER, Plaintiff,

v.

DISCO CORPORATION, James R. Cash and B.W. Morris, Defendants.

No. F J 153.

United States District Court,
S.D. Ohio, W.D.

Feb. 3, 1984.

Dennis J. Buckley, Cincinnati, Ohio, for plaintiff.

Michael G. Kohn, Cincinnati, Ohio, for B.W. Morris.

## MEMORANDUM AND ORDER

DAVID S. PORTER, Senior District Judge:

### I. *Introduction*

This case is before the Court on plaintiff's motion for a conditional order of revivor (doc. 12), defendant B.W. Morris's response (doc. 15) and plaintiff's reply memorandum (doc. 17). Because of the novelty of the issues presented, some of which appear to be of first impression, we heard argument on the motion on November 21, 1983.

We determine that plaintiff's motion for a conditional order of revivor should be granted. Our reasons will be set out in detail, but first it is in order to review the unusual history of this case.

On August 5, 1964, United States District Judge Sarah Hughes of the Northern District of Texas, Dallas Division, entered judgment on behalf of plaintiff and against defendants, including B.W. Morris, in the amount of $377,500.00. That judgment was based upon defendants "having appeared in open [court] to confess judgment and by written stipulation ... having confessed judgment." *Dichter v. Disco, et al.,* Civil No. CA–3–63–392 (N.D.Texas, August 5, 1964).

On August 19, 1964—two weeks after the entry of judgment in Texas—plaintiff filed a certified copy of that judgment in the Eastern Division of this Court, at Columbus, Ohio. *Dichter v. Disco,* Misc. No. 217 (S.D.Ohio, filed August 19, 1964). Plaintiff's filing of the judgment entry in Columbus was done pursuant to 28 U.S.C. § 1963, which provides:

A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in

any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

The record does not reflect what transpired in this case between 1964 and 1983. However, the judgment was never collected, nor does it appear that any enforcement proceedings were attempted against this defendant.

In recent months, plaintiff determined that defendant Morris resided in the Cincinnati area. Unaware of the registration of judgment in this District, plaintiff filed a motion for a judgment debtor examination in an attempt to enforce the Texas judgment (doc. 1). The propriety of permitting plaintiff to proceed as he wished was heavily litigated (docs. 2–10), and in that process, plaintiff discovered the registered judgment and changed the focus of his case to an attempt to revive the Ohio judgment pursuant to Ohio law. At argument, plaintiff indicated his wish to proceed only on the motion for a conditional order of revivor.

Defendant responded to the motion to revive, raising a number of arguments including failure of jurisdiction, failure to comply with the correct Ohio procedures, the statute of limitations, improper registration, and presumption of payment.

### II. *28 U.S.C. § 1963*

The statute is clearly a novel one, and has not been extensively construed in the reported cases. However, it is clear from the cases and the legislative history [1] that the statute is a streamlining device which provides "rapid-track enforcement for judgments most amenable to that treatment." *In Re Professional Air Traffic Controllers Organization,* 699 F.2d 539, 545 (D.C. Cir.1983). As noted by the Sixth Circuit,

[t]his statute has been held to have been adopted to protect both judgment

---

**1.** The scant legislative history of § 1963 is appended to the court's decision in *Ohio Hoist Manufacturing Co. v. LiRocchi,* 490 F.2d 105,

108–09 (6th Cir.), *cert. dismissed,* 417 U.S. 938, 94 S.Ct. 2654, 41 L.Ed.2d 661 (1974).

creditors and judgment debtors from the additional cost and harassment of further litigation which otherwise would be incident to an action on the judgment in a foreign district.

*Ohio Hoist Manufacturing Co. v. LiRocchi,* 490 F.2d 105, 107 (6th Cir.), *cert. dismissed,* 417 U.S. 938, 94 S.Ct. 2654, 41 L.Ed.2d 661 (1974) (citations omitted). Stated another way,

> The purposes of § 1963 were to simplify and facilitate the enforcement of federal judgments, at least those for money, to eliminate the necessity and expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and distinct federal litigation might otherwise encounter.

*Stanford v. Utley,* 341 F.2d 265, 270 (8th Cir.1965) (citations omitted).

■ It is, we believe, clear that the statute was enacted with an eye toward providing as much assistance to judgment creditors as is consistent with the demands of the Constitution; that is, Congress intended to provide as much steamlining of interdistrict enforcement proceedings as its authority permitted. We are thus called upon to determine not only whether plaintiff's motion is within the purview of the statute, but whether reading the statute to permit revival of the Ohio judgment would, in this case, violate the due process clause of the Constitution. We are, however, disposed by the strong policy of enforcing the judgments of our sister courts to read the statute as broadly as the Constitution permits.

With that background, we turn to the issues raised by defendant in seeking to avoid revival of the judgment.

### III. *The "expiration of time for appeal" clause*

Defendant asserts that the plain language of § 1963 requires us to hold that the judgment was prematurely registered in this District; that no valid judgment of this District was created because of that prematurity; and that, therefore, there is nothing to revive.

It is, of course, true that the language of the statute prevents the filing of a judgment in another district until it "has become final by appeal or by expiration of time for appeal." 28 U.S.C. § 1963. However, the cases have uniformly held that where judgment was entered by consent, there was, viewing the matter practically, no right to appeal, and that the purpose of the statute would be frustrated by permitting judgment debtors by consent to avoid liability under a registered judgment by seeking shelter behind the clause. *Air Traffic Controllers,* 699 F.2d at 544 n. 19; *Stanford v. Utley,* 341 F.2d at 271; *Hadden v. Rumsey Products, Inc.,* 196 F.2d 92, 94–96 (2d Cir.1952). In the *Air Traffic Controllers* case, the court concluded that, while the "time for appeal" clause was to be given full effect in a case where an appeal had been filed unsupported by a supersedeas bond, permitting immediate registration of a judgment by consent was a "common sense alignment of a judgment never amenable to appeal with a judgment no longer amenable to appeal." 699 F.2d at 544 n. 19.

Defendant tries to overcome the weight of this authority by arguing that he might have had a right to appeal from the consent judgment in this case, because he entered into the consent decree based upon representations by plaintiff's then-counsel to the effect that no attempt would be made to enforce the judgment as against him. This allegation is supported to some extent by an affidavit from Morris's attorney in the Texas case.

It is not necessary to decide defendant's claim that he consented to the Texas judgment on the strength of oral promises of plaintiff's Texas counsel that there would be no attempt to enforce the judgment as to him. We discuss *infra* the relief that may be available to the defendant in the event he can prove his claim. However, we conclude that the facts alleged do not constitute a defense to a motion for a revivor.

■ Defendant asserts that, if there had been an attempt to collect the judgment immediately after its rendition, he would

have had a right to appeal because of the alleged oral promise that the consent judgment would not be enforced against him. We disagree and conclude there is no reason not to revive the judgment because, like the one in *Stanford*, it was "never amenable to appeal." Hence, the statute is fully applicable here.

## IV. *Due Process*

 Defendant agrees that § 1963 is constitutional on its face, but claims that it is unconstitutional as the plaintiff seeks to apply it here. First, he asserts that where, as here, the statute of limitations on revival of actions in the court of registration is arguably more favorable to plaintiff than the parallel state statute which would apply in the court of rendition, he is, in effect, being denied the "benefit of the bargain" he struck with plaintiff in consenting to entry of judgment in Texas.[2] This argument fails, again on the basis of *Stanford v. Utley*. There, Judge (now Justice) Blackmun was faced with the following situation. A consent judgment had been rendered in federal district court in Mississippi; on the day after rendition, the judgment was registered, pursuant to § 1963, in federal district court in Missouri. Seven and one-half years later, plaintiff sought enforcement of the Missouri judgment. The judgment was void in Mississippi pursuant to that state's law, which provided a seven year period for enforcement of judgments. However, Missouri provided a 10-year period for enforcement. In resolving the situation before him, which is quite similar on this issue to the case at bar, Judge Blackmun wrote that

> For the present fact situation and for enforcement purposes, the Missouri federal registration equated with a new Missouri federal judgment on the original Mississippi federal judgment, that is, it is

no different than a judgment timely obtained by action in Missouri federal court on that Mississippi judgment. It follows from this that the Missouri ten year period of limitations ... and not the Mississippi seven year period, applied so far as enforcement is concerned, and that execution proceedings by the plaintiff within the Missouri period, and otherwise proper, are not subject to dismissal.

*Stanford*, 341 F.2d at 268. Defendant properly points out that *Stanford v. Utley*, being an Eighth Circuit case, is not binding on this Court. However, even had *Stanford* not been written by such an eminent jurist, we think its reasoning and result are in accordance with the purpose of the statute. It is difficult to accept that defendant had any consideration of the period within which he might be liable on the judgment against him in mind when he entered into the consent decree. If he did, his mistake was one of law and is irrelevant to our determination today.

 Defendant's other due process challenge appears to be a question of first impression. It is undisputed that defendant had no property, nor did he reside, in this District when the judgment was registered in Columbus. It is fundamental that it offends the Constitution for a court to entertain an original action where it has no personal jurisdiction over the parties thereto. Thus, plaintiff argues, the Ohio judgment, when entered, was void *ab initio* because the courts of this District had no jurisdiction over him. He further argues that because only a judgment which was valid when entered can be revived, the instant motion should be denied.

 We disagree. Defendant's argument is essentially that regardless of the correctness of *Stanford v. Utley* and other cases which have broadly interpreted § 1963, it would be unconstitutional to ap-

---

2. In this regard, however, we note that while it may be true that "a consent decree is in many respects a contract between the parties thereto," *United States v. City of Jackson, Mississippi*, 519 F.2d 1147, 1151 (5th Cir.1975), *citing United States v. ITT Continental Banking Company*, 420 U.S. 223, 236–37, 95 S.Ct. 926, 934–35, 43

L.Ed.2d 148 (1975), such a judgment "has the same force and effect as any other judgment until set aside in the manner provided by law,' and "embrace[s] all of the attributes commonly accorded a judgment, as much so as if it had been the result of litigation." *United States v. Kellum*, 523 F.2d 1284, 1287 (5th Cir.1975).

ply the statute to permit revivor in this instance. We need not decide whether, as plaintiff asserts, "constitutional principles are applicable to the registration of judgments and ... under certain circumstance [sic] the registration of a Judgment [sic] pursuant to the lateral language of 28 U.S.C. § 1963 may be unconstitutional." Letter of Defense Counsel dated December 1, 1983, at 2.[3] We conclude that, while there may well be constitutional limitations on registration of judgments under the statute, personal jurisdiction in the court of registration upon the date of registration is not one of them.

We note in this regard the following:

It may be suggested that by authorizing the judgment-creditor to enforce his judgment through registration in other districts, as an alternative to an action on the judgment, substantive rights are conferred upon him, venue requirements are altered, and the jurisdiction of the district court is enlarged. But in purpose and effect the registration of judgments in other districts is only a more convenient and effective method of enforcing them according to their original terms.

2 *Moore's Federal Practice* ¶ 1.04[2] at 223 (1967). Defendant properly notes that Moore also states that "[i]f the registration of the judgment were to effect such a change in its character that the right asserted by the litigant and established in the judgment would be enlarged by the registration, and he might obtain in satisfaction of the registered judgment more than he would have been entitled to under the terms of the original judgment, then registration would affect a substantive right." *Id.* at 223–24. Defendant asserts that this covers the instant case; because the judgment would arguably be uncollectible under Texas law, to permit its collection un-

der Ohio law when this Court had no jurisdiction over defendant in 1964 would be enlarging the judgment.

It is widely accepted that § 1963 "is more than 'ministerial' and is more than a mere procedural device for the collection of the foreign judgment." *Stanford,* 341 F.2d at 268. We do not view this as being in conflict with Moore's analysis of the statute. He notes that "[w]ith respect to jurisdiction requirements, the federal statutes pertaining thereto are applicable only to original actions brought in the federal courts." *Moore's Federal Practice, supra* at 224. Defendant asserts that he had a constitutional right to have the judgment, into which he willingly and with assistance of counsel entered, interpreted only under the law of Texas. We disagree. Had registration occurred in a district where the relevant state law would be more restrictive than that of Texas, he would benefit from the terms of the statute; here, it works to his detriment. However, we cannot conclude that the Texas statutes pertaining to enforcement were encompassed by "the right asserted by [plaintiff] and established in the judgment," or that, even though collection is now sought under the Ohio statutes, plaintiff is thereby able to "obtain in satisfaction of the registered judgment more judgment." The crux of the matter is this: defendant agreed to subject himself to liability under the terms of the consent judgment and the debt has gone unsatisfied. He obtained the process that was due him in the Texas action, and our lack of personal jurisdiction in 1984 is simply irrelevant.

### V. *The Ohio Revivor Statute*

Under Ohio law, "[w]hen a judgment ... is dormant ... such judgment may be revived ... by action in the court in which

---

**3.** Under the Rules of this Court, the only papers permitted regarding a motion are the motion itself, a timely response, and a timely reply: "No additional memoranda beyond those enumerated above will be permitted, except upon leave of Court for good cause shown." Rule 4.0.2, S.D.Ohio (1981). However, because the Court sought defendant's response to an asser-

tion contained in 1 *Moore's Federal Practice* ¶ 1.04[2] at 223 (1967), we have considered defendant's December 1, 1983 letter, and have instructed that it be docketed and filed with the other papers in this case. Our resolution of this matter obviates the need to provide plaintiff an opportunity to respond to that letter.

such judgment was rendered." Ohio Rev. Code Ann. § 2325.15, 17–18 (Page's 1981).

Defendant raises two procedural objections, based on Ohio law, to revivor in this Court. First, defendant argues that Rule 25(A)(1), Ohio R.Civ.P., precludes revivor. We disagree. The Rule provides, in its entirety, as follows:

(A) Death.

(1) If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

In this case, no one died.

Defendant's other objection is that the motion for a conditional order of revivor has been brought in the Western Division of the Southern District of Ohio, while the judgment was registered in the Eastern Division of the district. We note that the two divisions of the Southern District of Ohio are one court. *See* 28 U.S.C. § 115. More to the point, if we were to consider this objection well taken, we would not deny the motion, but would transfer it for decision to the Eastern Division of the Court. At hearing, defendant stated that he would not urge the Court to order such a transfer. We therefore decline to do so, and do not see the requirement that the motion be brought in the court of rendition as an obstacle to its disposition here.

## VI. *Defendant's Right to Challenge the Judgment*

In *Stanford,* the court reserved the question, "[d]oes the registration court have power, under Rule 60, [Fed.R.Civ.P.], to correct the registered judgment?" 341 F.2d at 271. The question was addressed by the court in *United States ex rel. Mosher Steel Company v. Fluor Corporation,* 436 F.2d 383, 384–85 (2d Cir.1970) (citations omitted):

The powers of a district court to grant relief against a judgment registered there under 28 U.S.C. § 1963 have not been comprehensively delineated. That it may grant relief in certain circumstances seems clear .... Few would argue, however, that the court of registration lacks discretion in appropriate circumstances to refer the parties to the court which rendered judgment .... [T]he analogy to the federal courts' traditional *forum non conveniens* procedure is persuasive.

Similarly, in *Fuhrman v. Livaditis,* 611 F.2d 203, 205 (7th Cir.1979), the court approved the process of transferring a case where judgment had been registered to the court of rendition, noting that

[w]hile we do not conclude that a registering court presented with a motion for relief from judgment based on lack of personal jurisdiction [*in the court of rendition* ] must in every instance defer to the court which originally issued the judgment, such deference is not an abuse of discretion.

We note the various possibilities regarding relief from judgment neither as an endorsement of either possibility nor as a suggestion that defendant is entitled to such relief. Indeed, we think it highly unlikely that either this Court or the Texas court would look favorably upon any such motion. However, it is our view that defendant should have an opportunity to make whatever challenges to enforcement of the judgment as may be authorized by the Rule. *See Hadden,* 196 F.2d at 96.

Plaintiff's motion for a conditional order of revivor is granted, as he has met his burden of demonstrating his entitlement thereto. The Clerk of this Court is asked

to consolidate this case with *Dichter v. Disco,* Misc. No. 217, and the case will proceed in this Division under that caption.

SO ORDERED.