**Lisa A. MILLER, Administratrix of the Estate of Raymond Miller, Plaintiff,**

v.

**MECKLENBURG COUNTY; Former Sheriff of Mecklenburg County, John Kelly Wall, personally and in his official capacity as former Sheriff of Mecklenburg County; Amos Charles Pellerin, personally and in his official capacity as Sheriff's Deputy for Mecklenburg County; Eric D. Moore, personally and in his official capacity as Mecklenburg County Pre-Trial Release Counselor; and Richard Lee Blanks, personally and in his official capacity as Charlotte Police Officer, Defendants.**

No. C–C–83–754–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

April 10, 1985.

Lawrence U. Davidson, III, Davidson & Harvey, Charlotte, N.C., for plaintiff.

Jonathan E. Buchan, Helms, Mulliss & Johnston, Charlotte, N.C., for Tex O'Neill.

James O. Cobb, Edward Hinson, Jr., Grant Smithson, Frank B. Aycock, III, Charlotte, N.C., for defendants.

### ORDER

McMILLAN, District Judge.

On February 6, 1985, the court ordered Tex O'Neill, reporter for the *Charlotte Observer*, to reveal the name of a *witness* to the alleged application of a choke hold to plaintiff's deceased, Raymond Miller. 602 F.Supp. 675. The court deferred ruling on the motion to compel Tex O'Neill to reveal the name of the *confidential source*, who identified this witness and provided the reporter with an account of the alleged choking.

The reporter complied with the court order and at a deposition stated that the confidential source had told him that Eric Moore (already a defendant in this suit) was the witness to the alleged choking. Eric Moore had been previously deposed

and had denied having seen a choke hold applied to Raymond Miller. In addition, Eric Moore filed an affidavit repeating his contention that he never saw any type of choke hold applied to Mr. Miller.

Plaintiff renewed her motion to compel the name of the confidential source, asserting that the revelation of the name of the witness had not removed her compelling need for the name of the confidential source. All of the defendants joined in the motion to compel and asserted their own compelling needs, in addition to plaintiff's need. A hearing was held on March 25, 1985.

In the previous order, the court stated that plaintiff appeared to have met her burden to overcome the reporter's qualified privilege. When faced with the reporter's qualified privilege, the court is to balance the seriousness of the suit, the need of the moving party for the information, the reasonable alternative sources for the information, and the public's interest in having a reporter free to prepare stories without being forced to disclose confidential sources. *See, e.g., Carey v. Hume*, 492 F.2d 631, *cert. denied* 417 U.S. 938, 94 S.Ct. 2654, 41 L.Ed.2d 661 (1974); *Zerilli v. Smith*, 656 F.2d 705 (D.C.Cir.1981); *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583 (1st Cir.1980).

The court will not repeat the legal analysis contained in the previous order. Plaintiff and defendants have investigated the leads from the reporter's naming of the witness to the alleged choking. That information has not changed in any material way the need for the identity of the confidential source.

The confrontation of this reporter's qualified privilege and this plaintiff's need for the information finds each interest at its highest. The reporter is being asked to identify a confidential source who gave the reporter information that was the direct lead to a major story. The reporter was not a witness to the event, nor was he reporting an incident then in the public's attention. Instead, his story was the result

of dogged investigative reporting. The reporter has stated that the confidential source would not have given him information without a promise of confidentiality. Compelling revelation of the name may cause future sources not to bring potentially important matters to the press's and public's attention out of fear of losing confidentiality. On the other hand, plaintiff's suit against defendants under 42 U.S.C. § 1983 presents a serious claim of constitutional deprivations. Although counsel for the reporter is correct in stating that plaintiff *may* be able to prove her case on either the theory of death by a choke hold or the theory of death by blows to the head, plaintiff is entitled to pursue both theories. The confidential source has told the reporter that he witnessed the choking of Mr. Miller, which rendered him at least unconscious. This information would be vital to plaintiff's claim that Mr. Miller died because of the application of a choke hold. Despite exhaustive efforts, plaintiff has been unable to obtain alternative evidence for the alleged choking immediately outside or inside the jail cell, as related by the confidential source. The court stated in its earlier order that this information may not only *go* to the heart of plaintiff's case, it may well *be* the heart of the case.

The court finds that the intermediate step of naming the witness, but not the confidential source, has not changed the balance of interests. Plaintiff has shown a compelling need for the information and has overcome the qualified privilege of the reporter. Therefore, the court will reluctantly order the reporter to reveal the name of the confidential source.

Defendants have asserted their own compelling needs for the information. In light of the court's granting plaintiff's motion to compel and the fact that the name of the confidential source will be given to all counsel, the individual motions of the defendants are moot and need not be addressed.

■ Plaintiff has requested not only that the reporter reveal the name of the confidential source, but that he also produce his notes on the story and that he answer questions about his contact with the source, including why the source requested confidentiality in giving the information. The court finds that plaintiff does not have a compelling need for this information. Forcing the reporter to reveal this material and information would be an unwarranted, additional intrusion. The compelling need only reaches the *identity* of the confidential source, and the court will only order revelation of this limited information.

The court will grant plaintiff's motion to compel to the limited extent of requiring the reporter to identify the confidential source in an affidavit. Tex O'Neill will not be ordered to produce the affidavit until the court has finalized a protective order.

This court has a strong aversion to secret trials and sealed materials. However, these circumstances present unusually good cause for a protective order, at least before this case goes to trial. *See, e.g., Seattle Times Co. v. Rhinehart*, — U.S. ——, 104 S.Ct. 2199, 81 L.Ed.2d 17 (May 21, 1984). Although the reporter's promise of confidentiality will be compromised by compliance with the court order, the extent of the intrusion into the functions of the press can be limited somewhat by not requiring that the disclosure be made in open court, as requested by plaintiff.

The court will order that Tex O'Neill identify the confidential source in an affidavit that shall be given to counsel for plaintiff and counsel for all defendants as well as being filed under seal with the court. The attorneys are prohibited from revealing the name of the source to anyone other than the court and other counsel. The attorneys specifically are prohibited from revealing the name of the source to their clients. Any additional pleading that may tend to identify the source, including a notice of deposition, shall be filed with the court under seal and shall be served upon counsel in such a way that only counsel will see the document. The name of the confidential source shall not be revealed by counsel except upon leave of the court.

Failure to comply with these terms may result in the application of sanctions.

The court will reconsider the protective order once the case is set for trial. The court does not anticipate that the protective order shall apply to trial proceedings.

Counsel will be given seven days within which to respond to the terms of this protective order and identify any additional protection or clarification that is needed. After such response, the court will finalize the protective order and set a date by which Tex O'Neill shall identify the confidential source.

IT IS THEREFORE ORDERED:

1. That plaintiff's motion to compel Tex O'Neill to identify the confidential source is GRANTED. The motion is DENIED to the extent that it requires Tex O'Neill to reveal additional information.

2. That defendants' motions to compel are MOOT in light of the above ruling.

3. That counsel shall have seven (7) days from the filing of this order in which to respond to the proposed protective order.

4. That after the protective order is finalized, the court will set a date by which Tex O'Neill shall file the affidavit revealing the identity of his confidential source.